TEXAS & PACIFIC RY. CO. v. W. W. NELSON.

Decided April 1, 1905.

**1.—Carriers—Cattle Shipment—Damages—Place of Destination.**

Where plaintiff shipped cattle to Fort Worth, with privilege to ship to Kansas City upon through rate, if they were not sold at Fort Worth, and a small part of them were sold there and the remainder went on to Kansas City, it was error for the court in an action of damages for negligent delay at the initial point and rough handling en route to Fort Worth, to charge that the measure of damages was the depreciation in the market value of the cattle at Fort Worth, instead of Kansas City, since the rule as given properly applied only to the cattle that were stopped and sold at Fort Worth.

**2.—Same—Charge Without Evidence—Assignment.**

There being no proof of the market value of the cattle at Fort Worth, the charge was also erroneous in that it was not warranted by the evidence; and it was not necessary for appellant to assign error to the verdict as being excessive in order to avail itself of this objection.

**3.—Same—Scarcity of Stock Cars.**

In an action for damages brought on the ground of the carrier's negligence in failing to furnish cars within a reasonable time after demand, and not under the statute, it was error for the court's charge to exclude consideration of evidence showing that the carrier was prevented from furnishing the cars sooner by a great rush of cattle business along its line and that of other roads at that time.

Appeal from the County Court of Midland. Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellant.

*Ed. J. Hamner,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This was an action by W. W. Nelson against the Texas & Pacific Railway Company for damages to two shipments of cattle from Colorado, Texas, to Fort Worth, Texas, "with the privilege of shipping said cattle to Kansas City, Missouri, upon a through freight rate from Colorado to Kansas City, unless the said cattle should be disposed of at Fort Worth, Texas, when said defendant would receive of the plaintiff the local freight rate from Colorado, Texas, to Fort Worth, Texas." The first shipment consisted of six cars of cattle which left Colorado on September 1, 1903, and reached Fort Worth on the following day. Thirty of these cattle were sold at Fort Worth stock yards, while the remaining five cars, together with the other shipment of four cars which reached Fort Worth on September 3, were shipped on to Kansas City and there sold. For cause of action the plaintiff alleged that he had made a written demand for cars in which to ship his cattle on August 27 for delivery on August 30, but which were not furnished until September 1 and 2. That his cattle were brought to Colorado August 30 and there held in insufficient pastures until they were shipped out. That after defendant received the cattle they were delayed in the pens at Colorado and en route to Fort Worth were roughly and improperly handled. There was an allegation of loss of weight, and consequent depreciation in market value, and decline in the market to plaintiff's damage of $664.30, with interest from September 2, 1903.

The defendant answered generally, and specially that at that time there was a great rush of cattle business along its line and other lines of railway and the consequent great scarcity of stock cars, whereby it was prevented from furnishing cars any sooner than it did. It also specially pleaded contributory negligence on the part of plaintiff in bringing his cattle to the shipping point knowing that there would be no cars in which to ship them at the time. A trial before a jury resulted in a verdict for plaintiff for $557.30, with interest at six percent, upon which judgment was entered, and the defendant has appealed to this court.

The first, second and third assignments of error attack the fifth paragraph of the court's charge upon the measure of damages, which is as follows: "The measure of damages in this case is the difference between the market value of said cattle in the condition and at the time

in which they did arrive at the Fort Worth stock yards, and the condition and at the time they should have arrived at said stock yards." The objections urged to this charge were (1) that it misstated the measure of damages, the true measure being the difference of the market value of said cattle at the time and in the condition of their actual arrival at their destination and in the condition at the time they should have arrived there, handled with ordinary care and diligence; (2) that there was no proof of the market value of said cattle at Fort Worth; and (3) because it did not apply or conform to the pleadings or the evidence, which showed that the cattle were shipped to and sold at Kansas City. We sustain these assignments, and for this error reverse the judgment and remand the cause. As to the thirty head of cattle sold at Fort Worth, that place, of course, is to be taken as the destination, and the point at which to determine the amount of appellee's loss. But as to the remaining 275 head which were not only billed to, but actually sold at Kansas City, the same well known rule determining the amount of compensation by the values at destination would require such values to be determined by the latter market. It is unnecessary to enter into a discussion of the reasons for a rule so well established and so universally applied. We can not say that the error is harmless in this case, but on the contrary, in view of the fact that there is no evidence of the market value of the injured cattle at Fort Worth, it is necessarily harmful; for under it the jury are without any evidence whatever upon which to arrive at a just compensation for appellee's loss. Appellant is not required, as appellee insists, to assign error to the excessiveness of the verdict in order to avail itself of this point. A verdict for any amount is erroneous where there is no evidence to support it.

The court also erred in the fourth paragraph of his charge, in directing the jury to ignore the rush of business and scarcity of cars in determining whether or not cars were furnished within a reasonable time after demand. In an action based upon negligence, and not upon the statute, as this one was, such a charge is clearly upon the weight of the evidence, and in view of a reversal upon the other question we will not pause to consider whether or not in this particular case it was harmless, considering the length of the delay and the explanation therefor given. Ordinarily the rush of business and scarcity of cars might be considered upon this issue, and it is only where reasonable minds could not differ upon the conclusion to be drawn from the evidence that the court would be authorized to withdraw the consideration of this issue from the jury.

The evidence was entirely insufficient to require a submission of the issue of contributory negligence upon the part of appellee to the jury, if indeed such a defense can be availed of in a case of this character.

*Reversed and remanded.*