## TEXAS AND PACIFIC RAILWAY COMPANY V. B. F. ALLEN.

### Decided March 17, 1906.

**1.—Failure to Furnish Cars—Articles 4497 and 4499, Revised Statutes, Construed.**

Although in cases based solely upon negligence in furnishing cars to shippers, an extraordinary rush of business and a scarcity of cars are circumstances which may properly be submitted to the jury in determining the issue of negligence, such is not the case in actions based upon articles 4497 and 4499, of the Revised Statutes of 1895, to recover the penalty therein prescribed. In such actions such circumstances are immaterial.

**2.—Authority of Local Agent.**

The station agent of a railroad company has authority to receive an application for cars under the provisions of articles 4497 and 4499, of the Revised Statutes.

#### ON REHEARING.

**3.—Articles 4497 and 4499, Revised Statutes, Void.**

The provisions of articles 4497 and 4499, of the Revised Statutes of 1895, are void both as to interstate and intrastate shipments because they transcend the legitimate powers of the Legislature. Houston & T. C. Ry. Co. v. Mayes, 26 U. S. Sup. Ct. Rep., 491 (50 L. Ed., 772), followed.

.Appeal from the District Court of Nolan County. Tried below before Hon. James L. Shepherd.

*J. M. Wagstaff* and *T. P. Davidson,* for appellant.—Appellant's answer setting up that it owned a sufficient number of stock cars to supply the demand on its own line and that its cars had been permitted to leave its line of road for the use and benefit of shippers for foreign markets and that it could not procure the return of its cars by any degree of diligence, and that its cars had been permitted to leave its line of road in interstate shipments to foreign markets for the use and benefit of shippers, constitute a good defense to the plaintiff's cause of action in this case. Davis v. Texas & Pac. Ry., 44 S. W. Rep., 822.

*Ragland & Crane,* for appellee.—The court did not err in sustaining plaintiff's special exceptions to appellant's allegation of a congested condition of transportation facilities as a defense, nor in excluding the evidence offered to prove that condition, nor in excluding such attempted defense from the consideration of the jury, the same presenting no defense to plaintiff's action. Rev. Stats., art. 331a and arts. 4494 to 4501, as amended by Act of 1899; Texas & P. Ry. Co. v. Smith & White, 9 Texas Ct. Rep., 627; Texas & P. Ry. Co. v. Powell, 9 Texas Ct. Rep., 555; Texas & P. Ry. Co. v. Barrow (No. 4666 decided by this court);

Houston & T. C. Ry. Co. v. Mayes, 11 Texas Ct. Rep., 69; Hutchinson on Carriers (2d ed.), sec. 292-3.

The State expressly provides that the local agent of the railway company is one of the parties on whom written demand may be made by a shipper for cars, and it was therefore immaterial what was the local agent's authority from the appellant on the question of supplying cars when ordered according to law. Rev. Stats., arts. 4497 and 4500, as amended by Acts 1899, p. 67; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551.

CONNER, CHIEF JUSTICE.—This suit was instituted by the appellee in the District Court of Nolan County on the 5th day of October, 1904, and is predicated, as we construe appellee's petition, solely upon articles 4497 and 4499 of our Revised Statutes of 1895. It was alleged, and the undisputed proof shows, that appellee, through an agent, on November 16, 1903, presented to appellant's local agent at Eskota, Texas, an application in writing, which is in full compliance with article 4497, for six cars to be delivered at Eskota on November 21, 1903, within which to ship about 225 head of cattle to Fort Worth, Texas; that appellee brought his cattle to Eskota ready for shipment on November 20; that the cars applied for were not delivered until November 27, upon which date the cattle were shipped, and appellee claimed in his petition $900 as a penalty, and actual damages in the sum of $757. The trial resulted in a judgment, from which this appeal is prosecuted, in his favor for the sum of $1,365.80.

The judgment is not contested as unsupported by the evidence, either as to penalty or as to actual damage, but appellant in its first, second and third assignments objects to the court's ruling in striking out appellant's special answer, and in excluding evidence in support thereof, to the effect that at the time of the order there was a great scarcity of cars; that, while it owned a sufficient number of stock cars to supply the demand on its own line, they had been permitted to leave its line or road for the use and benefit of shippers to foreign markets; and that it could not procure the return of such cars by any degree of diligence, etc. We have held in effect that, in cases grounded alone upon negligence, an extraordinary rush of business and a scarcity of cars after demand therefor, are circumstances proper to be submitted to the jury, together with all other evidence in determining the issue of negligence *vel non.* (See Texas & P. Ry. Co. v. Nelson, 86 S. W. Rep., 616, 12 Texas Ct. Rep., 724. See, also, Texas & P. Ry. Co. v. Felker, 90 S. W. Rep., 530; 14 Texas Ct. Rep., 308; Houston & T. C. Ry. Co. v. Smith, 63 Texas, 322; Davis v. Texas & Pac. Ry. Co., 91 Texas, 505.) In the case now before us, however, the facts pleaded, in our judgment, constitute no defense whatever. The statute is imperative. Upon compliance therewith as to the form and manner of the application and the tender of freight, the requirement of the statute is absolute, and by virtue thereof, regardless of the issue of negligence, the railway company is required to furnish the desired cars.

The only remaining assignment is as follows: "The court erred in refusing to permit defendant to prove by F. B. Gilbert, the chief dispatcher of the Texas & Pacific Railway Company, that the local agent at

Eskota did not have the authority to contract with the plaintiff to furnish him cars, and it was not a part of his duty to furnish cars to shippers, and that the said F. E. Allen (the local agent) was not the superintendent of transportation of the Texas & Pacific Railway Company, and had no authority over shipments of live stock other than to make contracts of shipment and to bill out the cattle." It is undisputed in the evidence that F. E. Allen was appellant's local agent at Eskota, and that, as before stated, application was made to him in behalf of appellee for cars; appellee then tendering the necessary amount of freight. The witness Gilbert was permitted to testify in behalf of appellant that, "when an order for cars is placed with a local agent, it is his duty to immediately wire the order to the division superintendent's office at Big Springs, and the order is received and handled in my office. I have charge of the office. The order is then booked by me under my direction, and in case there is not a sufficient number of stock cars on the line on that division to protect orders on file or in sight the order is wired to the office of the assistant general manager, J. W. Everman, in Dallas, Texas. I keep a record of the time the orders are sent to me at Big Springs. I received the order for the cars in question. My record shows that we received an order on the 16th of November, 1903, from B. F. Allen through the agent at Eskota for seven cars for loading stock at Eskota for Fort Worth, to be loaded on November 21. When that order was received, we did not have the cars on the line of the Rio Grande Division. The order in question together with other orders was telegraphed to the office of the assistant general manager of the T. & P. at Dallas for the purpose of procuring cars from other lines in return or exchange for cars which he had loaded with stock for those lines. At that time the T. & P. owned approximately 450 cattle cars." This evidence is nowhere in the record disputed, and it will be thus seen that the practice of making application for cars to the local agents was recognized by appellant as the proper one. Indeed, it has been several times decided that the local agent of the station at which the cars are desired has authority to receive applications therefor, and the material question here involved was authority to receive appellee's application, and not authority to contract for the delivery of cars. No contract is declared upon and no damages sought by reason of a breach of a contract to deliver; but, as before stated, the action is one based alone upon the statutes cited. The evidence tendered, therefore, of a want of authority in the local agent at Eskota to contract to furnish cars, was wholly immaterial, and the court committed no error in its exclusion.

No eror having been presented by the assignments, and the evidence in all things supporting the material allegations of appellee's petition, it is ordered that the judgment be affirmed.

### ON MOTION FOR REHEARING.

As stated in our conclusions upon the original hearing, this action is one for damages and penalty predicated entirely upon articles 4497 and 4499 of our Revised Statutes of 1895. We will not reiterate the facts, as we think they are sufficiently stated in our original opinion, wherein we held that they supported the judgment in appellee's favor. Since our

decision to such effect, however, the Supreme Court of the United States in the case of the Houston & Texas Central R. R. Co. v. John A. Mayes, 26 Sup. Ct. Rep., 491, 50 L. Ed., 772, upon writ of error to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, decided that the articles referred to, as applied to interstate commerce, transcend the legitimate powers of our Legislature.

While the opinion of the United States Supreme Court may seem to be limited to cases of interstate shipments, we have nevertheless concluded on rehearing that it operates as well in cases of intrastate shipments, and hence that we must declare said article wholly inoperative, notwithstanding the case now before us is the case of a shipment wholly within this State. It is a part of our current public history that cattle shipments from Texas are very largely to points beyond the limits of the State, and it can hardly be doubted, we think, that the object of the Legislature in passing the enactments in question was to protect the cattle shippers of Texas in cases of shipments to points beyond the State, as well as in cases of shipments wholly within the State. Indeed, the Texas courts have uniformly, so far as we know, so applied said articles of the statute, and they are so treated in the decision of the Supreme Court of the United States referred to.

We therefore feel unable to say that the Legislature intended a limitation that does not appear upon the face of the articles. It follows, as we conclude, that the motion for rehearing must be granted, and the judgment below reversed and judgment be here rendered for the appellant.

### ON MOTION FOR REHEARING BY APPELLEE.

After careful re-examination we find that appellee Allen, in the third paragraph of his petition alleged in general terms that appellant "negligently failed and refused to deliver" the cars applied for on November 16, and not delivered until November 27, 1903. This being true, we think we were in error in rendering judgment for appellant on all issues and that the case should be remanded on the issues of negligence, if any, and of appellee's resulting actual damage, if any, in acordance with the decision on rehearing on cause No. 4,994 of the Texas & Pacific Railway Co. v. Hughes (Texas Civ. App.), 94 S. W. Rep., 130. We adhere, however, to our conclusion that the penalty awarded was unauthorized, and accordingly modify our opinion and judgment to the extent of remanding the cause for another trial on the issues of negligence and actual damage.

*Reversed and remanded.*

Writ of error granted and judgment of District Court affirmed.

Writ of error to United States Supreme Court pending.