GLASSCOCK et al. v. SINKS. (No. 5651.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1916.)

1. COURTS ⬅170—LIMITED JURISDICTION— PLEADING—SUFFICIENCY.

A petition seeking recovery on notes aggregating $400, and foreclosure of a mortgage securing them on certain mules, is insufficient to

show jurisdiction of the county court, if it fails to allege the value of the mules.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ☞170.]

2. COURTS ☞170—LIMITED JURISDICTION—COUNTY COURTS—AMOUNT IN CONTROVERSY.

Where the evidence shows the subject-matter to exceed $1,000 in value, and therefore not within the jurisdiction of the county court, plaintiff could not in good faith amend so as to bring the action within jurisdiction of such court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ☞170.]

3. APPEAL AND ERROR ☞1166—DISMISSAL—WHEN ORDERED.

Although the evidence on the trial shows that the amount in controversy removed the case from the jurisdiction of the county court where brought, the case would not be dismissed, but remanded so that plaintiff might, if he could in good faith, amend to show jurisdiction, and, if not, dismiss.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4527–4530; Dec. Dig. ☞ 1166.]

Appeal from Frio County Court; S. T. Dowe, Judge.

Action by J. W. Sinks against Mrs. E. R. Glasscock and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

R. E. McKie, of San Marcos, for appellants. Kercheville & Brown, of Devine, for appellee.

MOURSUND, J. Appellee, as disclosed by his first amended original petition, sued appellants upon eight promissory notes for $50 each, executed by Mrs. E. R. Glasscock and payable to appellee. He alleged that the payment of said notes was secured by a chattel mortgage upon nine mules, and a copy of said mortgage was attached to the petition. Judgment was rendered in favor of plaintiff for his debt and for foreclosure of his chattel mortgage lien.

[1] The value of the mules was not alleged, and the petition, therefore, fails to affirmatively allege facts showing that the court had jurisdiction of the cause of action. Marshall v. Stowers Furniture Co., 167 S. W. 230; Richardson v. Hethcock, 173 S. W. 1006. Our views on this matter are fully stated in the first-cited case.

[2, 3] According to the evidence, the value of the mules greatly exceeded $1,000, and if this be correct plaintiff could not in good faith amend so as to bring the case within the jurisdiction of the county court, but, nevertheless, we will not dismiss the case, but will reverse the judgment and remand the cause in accordance with the practice heretofore existing in this court, and leave it to the plaintiff to dismiss if the value of the mules is as was testified to upon the trial below.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.