JOSEPH W. MOON BUGGY CO. v. MOORE-HUSTEAD CO. et al. (No. 7761.)

(Court of Civil Appeals of Texas. Dallas. May 26, 1917. Rehearing Denied June 23, 1917.)

1. SEQUESTRATION ☞12—AFFIDAVIT—PURPOSE OF WRIT.
 The statute (Rev. St. 1911, art. 7095) does not require affidavit for sequestration to state that the writ is not sued out to injure either defendant.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 11–16.]

2. SEQUESTRATION ☞12—AFFIDAVIT—VALUE OF PROPERTY.
 The affidavit for sequestration of 23 buggies satisfies the requirement of the statute (Rev. St. 1911, art. 7095) that it gives the value of each article of the property, where it gives the value of each which is different from any other, and groups those which are alike and gives the number thereof and the aggregate value of the group.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 11–16.]

**3. PLEADING ☞35—SURPLUSAGE.**

The petition, in action to recover possession of buggies, showing that plaintiff had by written contract sold them on credit to defendant M., reserving title thereto in itself till paid for, which contract, under Rev. St. 1911, art. 5654, constitutes a mortgage, and under article 5660 entitles plaintiff as mortgagee, its debt being unpaid, to possession of them and to have them sold for payment thereof, M. having disposed of them to defendant S. as assignee for the benefit of creditors, the allegation of the prayer that plaintiff is owner of them is surplusage, and should be disregarded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80.]

**4. APPEAL AND ERROR ☞1178(8)—DISPOSITION OF CAUSE — REVERSAL — AMENDING PLEADING.**

Judgment for defendant, in action by plaintiff, as owner, for possession of buggies, will be reversed, and plaintiff allowed to amend its petition and allege the proper grounds for relief on which it is entitled to recover; the petition showing plaintiff is in law a mortgagee and entitled to possession and sale of the buggies for payment of its debt.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4616–4619.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by the Joseph W. Moon Buggy Company against the Moore-Hustead Company and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Will M. Martin and Walter Collins, both of Hillsboro, and Short & Feild, of Dallas, for appellant. Wear & Frazier, of Hillsboro, for appellees.

RAINEY, C. J. Appellant sued the appellee, the Moore-Hustead Company and Houston Shipp, its assignee for the benefit of creditors, to recover the possession of a number of buggies which had been sold by appellant to the Moore-Hustead Company, or their value, in case the specific property could not be recovered. The petition alleged that the buggies had been sold and delivered under a contract, and the title to same had been reserved to appellant, if not paid, setting out the contract, describing the buggies, and stating their value to be $1,571.75. A writ of sequestration was sued out, the buggies seized and replevied by Houston Shipp, who filed a general exception, general denial, and answered specially in effect that Moore-Hustead Company having become financially embarrassed, and desirous of protecting all creditors, without preference, made a general assignment to him as assignee, conveying all of its property for the benefit of creditors, and he had taken possession of same; that Moore-Hustead Company was the purchaser of said property, and notwithstanding the reservation of title in said contract it was the understanding and intention between the parties that Moore-Hustead Company was the purchaser, and plaintiff was not to be considered the owner thereof. The sequestration was quashed, and a trial upon the merits was had, the court instructing the jury to return a verdict for defendant, which was accordingly done, and judgment rendered for defendants, from which this appeal is taken.

[1, 2] Complaint is made of the quashing of the sequestration on account of the alleged defective affidavit; one ground being that the affidavit failed to allege "that it was not sued out for the purpose of injuring either of the defendants, when there were more than one defendant." The statute in reference to affidavits for sequestration does not require such language to be so used. The second ground is that the value of each article is not stated separately. There were 23 buggies sequestrated, their aggregate value being placed at $1,571.75. All were listed and described by catalogue and factory numbers. Ten of them were valued separately at various amounts; 13 were grouped by 3's and 2's, and each group was valued separately. For instance, one group of 3, each buggy being alike, the aggregate value was given, and the same as to the groups of 2 each. The buggies in each group were like each other in that particular group, were described alike, were of the same make, and were of the same value, and the value of each can readily be ascertained by simple calculation. This valuation is substantially in compliance with the statute. Therefore there was error in quashing the sequestration.

[3] On the merits of the case we think the court erred in giving a peremptory instruction to find for defendants. Appellant closes its petition with the prayer as follows:

"Wherefore plaintiff states that it is the owner of and entitled to the possession of all said buggies and vehicles of the value aforesaid of fifteen hundred seventy-one and 75/100 ($1,571.75) dollars, by virtue of and according to the terms of the written contracts hereinbefore mentioned. Wherefore it prays that, defendants having already answered, upon a final hearing hereof, it have and recover of and from said defendants the possession of the buggies hereinbefore described, alleged to have been in their possession at the time of the institution of this suit, or for the sum of $1,571.75, in case said specific property cannot be recovered, and for all such other and further relief as to the court may seem just and proper in the premises; and as in duty bound plaintiff will ever pray."

The petition also showed that plaintiff had by written contract sold said buggies to Moore-Hustead Company on a credit and reserved title thereto in itself until paid for. This shows a sale of the buggies, and under the statute (article 5654) said contract created only a mortgage; therefore it had no right as owner to recover the possession of said buggies. But as mortgagee it had the right, its debt being unpaid, to the possession of said buggies and have them sold for the payment of its debt, whether the same has become due or not. Article 5660, R. S. 1911. The plaintiff's allegations showed facts which entitled it to the possession of the property, not as owner, but as mortgagee;

and, Moore-Hustead Company having disposed of the property to Houston Shipp as assignee for the benefit of its creditors, the allegation that it was owner was but surplusage under the facts and should be disregarded.

[4] Under the law, as we understand it, appellant could not recover possession of the buggies as owner; but, it being shown that appellant holds a mortgage on the buggies, it would be inequitable to allow the judgment of the lower court to stand, and it will be reversed, and appellant allowed to amend and allege the proper grounds for relief, and upon which it is entitled to recover. Bank v. City of Terrell, 78 Tex. 450–461, 14 S. W. 1003.

The judgment is reversed, and the cause remanded.