## F. L. SHAW CO. v. DALTON ADDING MACH. CO. (No. 8158.)

(Court of Civil Appeals of Texas. Dallas. May 3, 1919.)

1. COMMERCE ⬤➾40(2)—CORPORATIONS ⬤➾642 (4½)—INTERSTATE COMMERCE—ACTIONS.

A foreign corporation manufacturing its products in another state, and selling them in Texas through the medium of soliciting or sales agents upon written orders forwarded to the factory in the other state was engaged in interstate commerce, and was not transacting business in Texas, and, in order to maintain suit to enforce rights growing out of such sales, need not obtain a permit under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1314, 1315.

2. CORPORATIONS ⬤➾425(4)—AGENTS—APPARENT AUTHORITY—ESTOPPEL TO DENY.

Ordinarily a corporation may not deny that its agent possesses the authority he appears to have, or that which is necessarily implied from his office.

3. ESTOPPEL ⬤➾83(1)—EQUITABLE ESTOPPEL.

If a man by his statements or behavior leads another to do something which he would not have done but for the expression of that language, or the exhibition of such behavior, such first man will not be allowed to deny his utterance or act to the loss, injury, or damage of the other one.

4. PRINCIPAL AND AGENT ⬤➾152(1)—APPARENT AUTHORITY.

As a matter of law, one dealing with an agent must know that ordinarily such agent may

not deliver to another in payment of his personal obligation his principal's property.

5. PRINCIPAL AND AGENT ⊜⟿161(1)—ESTOPPEL.

Where an agent delivered property of his principal to another, the value of such property to be credited on the price of an automobile bought by such agent individually, the seller of the automobile signing an order which was sent to the principal for approval, the principal owed the seller of the automobile no duty to notify him of its disapproval of the arrangement.

6. PRINCIPAL AND AGENT ⊜⟿147(2)—AUTHORITY OF AGENT—DUTY TO INQUIRE.

Before one dealing with an agent may accept property of the principal in payment of the agent's personal obligation, he should make inquiry as to the agent's authority to do so.

Error from Dallas County Court; W. L. Thornton, Judge.

Action by the Dalton Adding Machine Company against the F. L. Shaw Company. From a judgment for plaintiff, defendant brings error. Affirmed.

W. J. Rutledge, Jr., and Spence, Haven & Smithdeal, all of Dallas, for plaintiff in error.

Seay, Seay & Malone, of Dallas, for defendant in error.

RASBURY, J. Defendant in error, a private foreign corporation, was awarded judgment in the trial court for title and possession of an adding machine of the value of $125, and alternately for said sum in event the machine was not returned by plaintiff in error. The appeal is from that judgment. The facts necessary to be stated in order to consider the issues presented are these: Percy Rodgers, at the time of the transaction presently detailed, was sales agent for the Dalton adding machines, and maintained an office at Dallas. In his office were approximately 35 or 40 of the Dalton adding machines, owned by the company and kept there as samples. Rodgers' only authority was to solicit orders for machines and mail same to the factory for acceptance or rejection; the company indicating its option immediately by mailing invoice to the customer if accepted, and, if rejected, by notifying the agent of the reason therefor. ·Written instructions were furnished Rodgers in which he was notified that the company was an Ohio corporation, licensed to conduct its business only at Cincinnati, and maintained no branch offices and had no agents. Agents were directed, in order that none would be deceived, not to permit their names to appear as agent for the company on signs, letter heads, bill heads, shipping tags, business cards, or other advertising matter, or in telephone or other directory, but to make it plain that they were sales agents only, and not sign the name of the company to any contract, or otherwise orally or in writing attempt · to bind the company, but to do all such matters and execute all such undertakings in their own names. August 7, 1916, while Rodgers was such sales agent, he individually purchased from plaintiff in error an automobile which the latter delivered to him. On August 31, 1916, plaintiff in error signed an order directed to defendant in error for a Dalton adding, listing, and calculating machine at and for the price of $125, which the order recited was "paid by credit on purchase of Overland automobile," and which also recited that the order was "subject to approval of the Dalton Adding Machine Company at its office in Cincinnati, Ohio." Rodgers delivered the adding machine to plaintiff in error, and the latter delivered the automobile to Rodgers. The order for the adding machine reached defendant in error about September 10th or 11th inclosed in a letter from Rodgers dated September 7th in which Rodgers recalled that the president of the company suggested that sales agents should own automobiles in order to cover more territory and thereby effect more sales, advising what he had done with plaintiff in error, and expressing the hope that the president would approve same. September 15th the president of the company wrote Rodgers stating that they were willing to aid him in purchasing an automobile provided he could straighten himself with Miller, the company's supervisor, which he was sure Rodgers could do, but that until there was an understanding with Miller the deal with plaintiff in error would be held up. Rodgers was removed from the office of sales agent for defendant in error the first week of December, 1916. Defendant in error did not know until after Rodgers' removal that he had delivered the adding machine to plaintiff in error. Rodgers' successor demanded return of the machine, which was refused. The machines in the office of the sales agents at Dallas were the samples and demonstrators. Sometimes sample machines were delivered to purchasers until delivery from the factory could be made, and sometimes such machines were delivered permanently, when approved by the company, but it was not the rule. Defendant in error is a private corporation organized for pecuniary profit, and, at the time the suit was commenced and tried, did not have a permit to transact its business in this state.

[1] The first contention is that the court erred in overruling plaintiff in error's plea in abatement, seasonably presented, challenging defendant in error's right to maintain the suit on the ground that the latter was a foreign private corporation transacting business in this state for pecuniary profit without

the permit required by law. A permit is necessary in cases comprehended by the proposition, and without it foreign corporations may not maintain suits to enforce rights growing out of such business. Articles 1314 and 1315, Vernon's Sayles' Civil Stats. However, it is our opinion that the facts do not disclose that the defendant in error was transacting business of the character contemplated by the articles cited. We have recited the facts. They warrant nothing more, we believe, than that the defendant in error was manufacturing its products in the state of Ohio and selling them in Texas through the medium of soliciting or sales agents upon written orders taken in this state and forwarded to the factory in Ohio for approval. Such transactions constitute ·interstate commerce, and it is not necessary, in order to maintain suits to enforce rights growing out of them, that the permit mentioned in article 1314, supra, be secured. Miller & Co. v. Goodman, 91 Tex. 41, 40 S. W. 718. Such, we understand, is the holding in the case cited, which has since its rendition been uniformly followed.

It is urged that the court erred in entering judgment for defendant in error for the reason that it is estopped to deny the binding force of the contract between Rodgers and plaintiff in error.

[2-6] Ordinarily a corporation may not deny that its agent possesses the authority he appears to have or that which is necessarily implied from his office; and equitable estoppel operates for and against it in such and all other matters within the rule, which is stated thus:

"If a man by his statements or behavior leads another to do something which he would not have done but for the expression of that language or the exhibition of such behavior, such first man shall not be allowed to deny his utterance or act to the loss, injury or damage of the other one." 10 R. C. L. 689.

We can perceive in the evidence no fact that ought by that rule to preclude the defendant in error from recovering one of its adding machines given in part payment of the automobile purchased by Rodgers. Plaintiff in error contracted alone with Rodgers. The order provided that it should be approved by defendant in error, and until so approved was not a contract. As matter of law plaintiff in error knew that ordinarily an agent may not deliver to another in payment of his personal obligation his principal's property. Upon receipt of the order defendant in error with reasonable promptness refused to approve the transaction, and so notified Rodgers. It did not know that the machine had been delivered to plaintiff in error. Consequently, in our opinion, as relates to defendant in error, none of the elements of estoppel exist. It concealed no fact, material or otherwise,

concerning the agency of Rodgers, or made any misrepresentation in that respect which it now attempts to deny. In fact, it does not appear from the evidence that even Rodgers misled plaintiff in error in any manner. It is not shown that he claimed to have authority to make such sale or that it was customary for him to do so. The only fact which would tend to support the claim of estoppel is that defendant in error did not notify plaintiff in error of their disapproval of the arrangement. We do not believe defendant in error owed that duty to plaintiff in error. The latter negotiated with the agent known to be without authority, and had no right to assume that defendant in error would take up with it what in the nature of things should be referred to the agent. There was some duty upon plaintiff in error to make inquiry. From the record it appears it made none.

The judgment is affirmed.