## KIECHLER v. KELM.　(No. 8269.)

(Court of Civil Appeals of Texas. Galveston. Dec. 8, 1922.)

1. **Courts** &llhard;169(2), 170 — In foreclosure averment of value of property determines amount in controversy, and must be alleged.

The value of property on which foreclosure is sought in the county court determines the amount in controversy, not the debt, and must be alleged to show jurisdiction.

2. **Courts** &llhard;170 — Averments in application for writ of sequestration held not to supply omission in petition as to value of property to be foreclosed in county court.

Where plaintiff, seeking a foreclosure of a chattel mortgage, fails to allege the value of the property in his petition as required to show jurisdiction of the county court, his ancillary application for sequestration, stating the value of the property, cannot be looked to for supplying averments essential to the origi-

nal statement of the case, where the sequestration writ was issued pro forma only, not considered by the trial court in connection with the petition, and not properly a part of the record because of having been abandoned.

**3. Appeal and error ⬤══597(1) — Appellant's transcript of record held not incomplete as lacking sequestration proceedings, where such proceedings were not properly part of record.**

Where both appellant and appellee filed transcripts for record on appeal, the appellant's transcript could not be held incomplete simply because the sequestration proceedings in an action of foreclosure were not a part of his transcript, nor appellee's transcript containing such proceedings be properly substituted, where such proceedings were not properly a part of the record because of having been abandoned.

Appeal from Ft. Bend County Court; C. D. Myers, Judge.

Suit by Wm. Kelm against Anton Kiechler. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. X. Joerger and C. H. Chernosky, both of Rosenberg, for appellant.

Peareson & Peareson, of Richmond, for appellee.

GRAVES, J. The parties to this litigation sustained the relation of landlord and tenant to each other at the time the matters therein involved arose; the appellee was the landlord, brought the suit in the court below against the appellant, the tenant, for an aggregate sum of $980.50, declaring upon a note for $509.82, with interest and attorney's fees, secured by a chattel mortgage on four mules and all crops grown during 1921 on the rented premises, also upon other indebtedness to the amount of $366.08, with interest and attorney's fees, claimed to be secured by a landlord's lien upon the crops, establishment and foreclosure of both of which liens was prayed for. In so casting his cause of action, he placed the value of the crops at $475, but made no averment of any sort as to the value of the mules he so sought the foreclosure of a chattel mortgage upon.

The legal sufficiency of this pleading was challenged by the appellant through the filing of demurrers. These were overruled, and the court, sitting without a jury, rendered judgment in appellee's favor for $743.01, which included the full amount of principal, interest, and attorney's fees on the $509.82 note, further decreeing a foreclosure of the chattel mortgage declared upon on the crops and the four mules to enforce the payment of $670.09 of the sum so awarded.

[1] Appealing to this court, the appellant contends that his demurrer to the petition of the plaintiff below was good, in that, among other things, it sought the foreclosure of a mortgage lien upon personal property, the four mules, without any allegation or affirmative showing as to their value; hence the amount brought into controversy by the suit was not shown to be within the jurisdiction of the trial court. This position must be sustained, it being thoroughly settled that in such suits in the county court the value of the property upon which foreclosure is sought—not the debt—determines the amount in controversy, and must be alleged. Bates v. Hill (Tex. Civ. App.) 144 S. W. 288; Richardson v. Hethcock (Tex. Civ. App.) 173 S. W. 1006; Lusk v. Hardin (Tex. Civ. App.) 176 S. W. 787; Glasscock v. Sinks (Tex. Civ. App.) 185 S. W. 405; Hodgkinson v. Hartwell (Tex. Civ. App.) 226 S. W. 457; Tant v. Baldwin Piano Co. (Tex. Civ. App.) 217 S. W. 239; People's Ice Co. v. Phariss (Tex. Civ. App.) 203 S. W. 66.

[2, 3] The appellee does not combat this principle of law, but answers that he also filed, as ancillary to his suit, an application for sequestration of the property covered by the mortgage which did allege its value at an amount within the jurisdiction of the county court, to wit, $800, and that this averment supplied the omission in his original petition to state any value for the mules. The sequestration proceedings he thus invokes do not appear in the transcript filed here by appellant. Subsequent to the filing and docketing of appellant's record under one number, however, the appellee brought up a transcript of his own which does contain them, and, after the clerk of this court had filed and docketed it under a separate number, by different motions asked that appellant's transcript be stricken out, and in lieu thereof his own be looked to as the correct record of the proceedings had below, or, in the alternative, that the causes as so separately numbered be consolidated and disposed of as one. The appellant on his part also filed a motion, asking that appellee's transcript be stricken out. All these motions were taken for consideration with the case, except the one of the appellee praying for a consolidation; that was granted, and the two records have therefore been before us.

It is true appellant's transcript does not contain the sequestration proceedings referred to, and appellee's does, but in the circumstances presented we neither think the former can on that account be said to be incomplete, nor that the latter should be substituted for it. As appears from the face of appellee's transcript, his application for sequestration was made separately from and 20 days subsequent to the filing of his petition in the suit. No feature of the proceeding was shown to have ever had the attention of the court, and the writ issued pro forma in response to the application was never executed at all, but was returned by the officer un-

executed more than 30 days after the trial of the cause. The sequestration proceeding was evidently therefore an abandoned one, and accordingly not properly a part of the record on appeal. But if mistaken in this view, and if the transcript reflecting it should be regarded as the correct one, we are still of opinion that the affidavit for the writ, not being a part of nor .contemporaneous with the previously filed petition declaratory of the cause of action, nor even shown to have been considered in connection therewith by the trial court, cannot be looked to for the purpose of supplying averments essential to the original statement of a case.

There are other matters urged in defense of the trial court's action, but in our opinion none of them are well grounded.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.