**ALEXANDER et al. v. MEREDITH et al.
(No. 6738.)**

(Court of Civil Appeals of Texas. Austin.
April 30, 1924. Rehearing Denied
May 28, 1924.)

1. **Evidence** ⊗►408(1) — **"Receipt" may be
modified or contradicted.**

A receipt is merely a written admission of
the existence of a fact prior to or at date of
receipt, and is prima facie evidence of such
fact, and when uncontradicted, establishes it
as a matter of law, but is not conclusive and
may be modified or contradicted by parol evi-
dence.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Receipt.]

2. **Evidence** ⊗►408(3)—**Mere form in which
writing is drawn does not determine its char-
acter, and receipt may embrace contract and
to that extent not be varied by parol.**

Mere form in which a writing is drawn or
name which it is given does not determine its
character, and hence a writing designated as a
receipt may embrace a contract and to that ex-
tent may not be varied by parol evidence.

3. **Evidence** ⊗►408(1)—**Parol evidence held
inadmissible to vary writing acknowledging
receipt of money in payment of lease rentals.**

Parol evidence was inadmissible, in absence
of fraud, to vary a writing acknowledging re-
ceipt of money in payment of rentals on oil
and gas lease up to a specified date by showing
the payment was for a different purpose, where
such payment automatically extended lease for
another year, as receipt was to that extent con-
tractual.

4. **Appeal and error** ⊗►1178(8)—**Appellate
court will remand where evidence raises an
issue not raised by pleading.**

Where there is no pleading in record under
which an issue raised on the evidence may be
tried, established practice upon reversing trial
court's judgment is to remand rather than to
render judgment.

Appeal from District Court, Caldwell Coun-
ty; M. C. Jeffrey, Judge.

Action by W. P. Meredith and others
against J. M. Alexander and others. Judg-
ment for plaintiffs, and defendants appeal.
Reversed and remanded.

R. B. Ellis, of Lockhart, Will G. Barber,
of San Marcos, and White, Wilcox, Graves &
Taylor, of Austin, for appellants.

E. B. Coopwood and C. F. Richards, both
of Lockhart, and A. Leon Green, of Austin,
for appellees.

McCLENDON, C. J. On June 24, 1921,
Nelson Cosey, Charity L. Dorn, Jane North,
Alice Meriweather and Anne Kelley, as les-
sors, executed in favor of United North &
South Oil Company, Incoporated, as lessee,
an oil and gas lease covering four tracts
containing 155 acres of land in Caldwell

county. The recited consideration for the
lease was $1 and the covenants and agree-
ments to be performed by the lessee. The
lease provided:

"If no well is commenced on said land on or
before the 24th day of June, 1922, this lease
shall terminate as to both parties, unless the
lessee on or before that date shall pay or ten-
der to the lessor * * * the sum of 25
cents per acre, which shall operate as a renew-
al and cover the privilege of deferring the
commencement of a well for one year from said
date."

At the time the lease was executed the
lessee paid to the lessors the sum of $38.75,
and the latter executed the following do-
cument:

"Rental Receipt.

"$38.75.                    June 24th, 1921.

"Received from the United North & South Oil
Co., Inc., the sum of thirty-eight and 75/100
dollars in full payment of first rental on the 155
acres of land owned by us in Caldwell county,
Texas, and leased for oil and gas by contract
dated the 24th day of June, 1921, to which in-
strument reference is here made, said sum be-
ing 25 cents per acre for said land and covers
all rentals due under said lease contract until
the 24th day of June, 1923."

No further payment was made by the
lessee, and no drilling was begun by it on
the property.

By oil and gas leases and other instru-
ments executed in September, October, and
November 1922, the leasehold mineral rights
in the land, except a one-third interest in
two of the tracts, passed to E. B. Coopwood
and C. F. Richards, who also acquired the
fee to the minerals in certain portions of
the land.

This suit was brought by W. P. Meredith,
E. B. Coopwood, and C. F. Richards against
J. M. Alexander, Alice Meriweather, Anne
Kelley, and the oil company to cancel the oil
company's lease for the alleged failure to
pay the rentals of 25 cents an acre due
June 24, 1922. Other parties at interest in-
tervened and made themselves parties plain-
tiff, so that the controversy in the case re-
solved itself into one by plaintiffs and in-
terveners on the one hand and the oil com-
pany and Meriweather and Kelley on the
other; defendant Alexander having made
default. The pleadings of defendants, be-
sides exceptions, contained only a general
denial and plea of not guilty.

The case was tried to a jury upon the
single special issue:

"Was the $38.75 paid by the United North &
South Oil Company, Inc., to Nelson Cosey and
Charity Dorn paid to and accepted by them as
the down payment up to June 24, 1922, or was
it rentals for June 24, 1922, up to June 24,
1923?"

To which the jury answered: "Down pay-
ment up to June 24, 1922." Upon this ver-

dict judgment was rendered canceling the oil company's lease except as to a one-third interest in two of the tracts. and decreeing to the several parties their respective interest in the mineral rights in the land, both leasehold and royalty. The decree is set forth in more detail in Oil Co. v. Meredith (Tex. Civ., App.) 258 S. W. 550, which was an appeal from an order appointing a receiver of the properties pending the litigation which is now pending in the Supreme Court upon writ of error granted and to which we refer.

The controlling question in the case is whether the receipt above quoted is subject to explanation by parol evidence as respects the purpose for which the $38.75 therein mentioned was paid and accepted and was to be applied. There was no pleading raising the issue of fraud, or mutual mistake; but plaintiffs were permitted to introduce evidence to the effect that the mutual understanding and agreement of the parties at the time was that the $38.75 was so paid and accepted as the down payment which was to be 25 cents an acre. It is not necessary to set forth the evidence upon this issue.

[1] In the strict legal sense a receipt is merely a written admission of the existence of a fact, either prior to or at the date of the receipt. It is prima facie evidence of such fact, and when uncontradicted establishes it as a matter of law. But, like any other admission, it is not conclusive evidence of the fact admitted and may be explained, modified, or even contradicted by parol evidence.

[2] But the mere form in which a writing may be drawn, or the name by which the authors or parties to it may designate it, do not necessarily determine its character. Hence, a writing in the form of a receipt, and so designated upon its face, may also embrace the terms of a contract, or agreement of the parties, and to that extent it becomes subject to the general rule that parol evidence is not admissible to vary a contract expressed in writing. Conversely a deed or other written contract, whether or not it falls within the statute of fraud, may, and usually does, embrace recitals of fact which are not contractual in their nature; and in this regard they may be explained or contradicted by parol evidence.

These general principles are now well established both in this and other jurisdictions. Their application, however, to the infinite variety of instruments which have from time to time come up for consideration, has given rise to divergence of view in a number of particulars, among the several courts of last resort.

A review of the many adjudications upon this subject would unduly extend this opinion, and in our judgment would not serve any useful purpose so far as elucidating the particular question before us. The following quotation from Wigmore on Evidence (par. 2432), which expresses a holding of practically universal acceptation, is, we think, directly in point as applied to the case at bar:

"When the writing itself the very act, as where it grants a discharge or release of a claim, or embodies a new obligation, it obviously falls within the rule, and its terms cannot be overthrown."

[3] The writing before us not only acknowledged the receipt of a certain sum of money, but states how that sum is to be applied, namely, to the rentals on the lease contract up to June 24, 1923. It is true as alleged by appellees, that the lease contract did not bind the oil company absolutely to pay the designated rentals on or before June 24, 1922. But it does not follow that the language of the receipt applying the payment acknowledged to have been received, to those specific rentals was any less a release of that obligation. Although optional with the lessee the obligation to pay or forfeit the lease existed, unless it were kept alive by the alternative option of drilling on the land. And even if, by virtue of its optional character, the payment of future rentals be regarded as no obligation at all, still, such payment, when made and accepted as such, carried with it a valuable right of extending the lease automatically for another year. The payment, therefore, was in effect the grant of such extension. The receipt in terms, expressly made such grant. and to that extent, it was contractual and could not be contradicted by parol evidence. In so far as 'the receipt merely acknowledged the payment of a designated sum of money, it was not conclusive.

But it was not sought to contradict its terms in this regard. That the money was paid was conceded. The evidence offered was for the purpose of showing that the sum so paid and acknowledged was understood and agreed by the parties at the time to be applied to another and different object or obligation—the down payment. We think clearly this could not be shown by parol in the absence of a showing of fraud or mistake in executing the release. Whether the sum acknowledged was paid in whole or in part was a fact subject to parol proof; but, the payment admitted, the agreement of the parties as to the application of that payment to the discharge of a specific obligation, either absolute or optional, or to whatever designated purpose, was a matter of contract, and the parties, having reduced that contract to writing, they must be governed by its express terms. It is not competent, we think, to show by parol that money receipted for is to be applied to an obligation or purpose different from that which the parties had in writing contracted that it be applied.

Counsel for both parties, in their briefs and written arguments, which evidence much labor and research, have given full and exhaustive citations and reviews of the cases bearing upon this subject, and have very materially lessened the labors of the court. We have diligently examined these authorities, and have reached the conclusion that the result at which we have arrived is abundantly supported by the weight of decisions.

[4] We have carefully examined the statement of facts and conclude that the evidence raises the issue of fraud in the execution of the receipt. While there is no pleading in the record, under which this issue may be tried, the established practice upon reversing the trial court's judgment, under these circumstances, is to remand the cause, rather than to render judgment as appellees request. Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217; Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Graves v. Griffin (Tex. Com. App.) 228 S. W. 913; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002.

Accordingly, the trial court's judgment is reversed and the cause remanded to that court, for further proceedings not inconsistent with this opinion.

Reversed and remanded.