CITIZENS' COTTON OIL CO. v. ELLIOTT
et' al. (No. 9944.)

Court of Civil Appeals of Texas. Dallas.
April 9, 1927.

Rehearing Denied May 7, 1927.

I. **Principal and agent** ⬅147(4)—**Maker must take notice of payee's agent's want of authori-' ty to credit his debt to maker on note.**

Maker of note as matter of law must take notice of want of authority of payee's agent to credit on note agent's debt to maker.

2. **Principal and agent** ⬅105(10)—**Payee's agent could not credit agent's personal indebtedness to maker on note.**

Agent, in taking note in settlement of open account due his principal, could not authorize indorsement of credit for agent's personal indebtedness to maker of note.

3. **Alteration of instruments** ⬅8—**Unauthorized credit indorsed on note without payee's knowledge was no part of note, and its alteration did not affect instrument.**

Where payee's agent in taking note permitted indorsement on back thereof of credit for personal account due maker by agent without payee's knowledge or consent, credit memorandum was no part of note, and its alteration by agent's placing revenue stamps over indorsement did not affect instrument or impair rights of payee.

4. **Principal and agent** ⬅105(10)—**Where maker and payee's agent indorsed credit on note without payee's consent, payee could recover full amount of note.**

Where payee's agent took note in settlement of open account due payee, and maker and agent indorsed on note credit for personal account due from agent to maker, and payee never authorized or agreed to same, credit memorandum never became part of note, and payee was entitled to judgment for full amount due on note.

On Motion for Rehearing.

5. **Principal and agent** ⬅171(9)—**Where payee refused to agree to unauthorized credit indorsed on note by agent, payee's suing on note in original form was not ratification of unauthorized act.**

Where payee's agent indorsed credit on note without authority and then placed revenue stamps over indorsement, and payee when learning of credit refused to agree to allow credit, credit memorandum never became part of note, and payee's suing on note in its original form was not ratification of unauthorized act of agent, but was repudiation of unauthorized attempt to impose agent's personal account as a credit on note.

6. **Principal and agent** ⬅177(3)—**Maker, by delivering note to payee's agent with unauthorized credit indorsed thereon, made payee's agent his own agent to bring matter to payee's attention.**

Maker of note, by delivering note to payee's agent with credit indorsed on back for personal account due from agent to maker, which was unauthorized, made payee's agent his own agent to bring matter to attention of payee.

Error from Dallas County Court; W. M. Cramer, Judge.

Suit by J. T. Elliott and others against the Citizens' Cotton Oil Company. Judgment for plaintiffs, and defendant brings error, and plaintiffs file cross-assignment of error. Reversed and remanded.

K. R. Craig, of Dallas, for plaintiff in error.
Muse & Muse, of Dallas, for defendants in error.

LOONEY, J. This suit is on a promissory note brought by J. T. Elliott Lumber Company, a partnership, against Citizens' Cotton Oil Company, a corporation of Lancaster, Dallas county, Tex.

Defendant, in a sworn plea, admitted the execution of the note, but alleged that at the time of its execution there was written on the back, and a part thereof, a memorandum showing the note was entitled to a credit of $273.45, which had been materially altered by plaintiffs' agent without the knowledge or consent of the defendant, rendering the note unenforceable.

In an amended petition, plaintiffs alleged the facts in regard to the origin of their indebtedness against defendant and the circumstances under which and by whom the credit of $273.45 was placed on the note, and further alleged that they were not in any way obligated to pay defendant the Neilon account, that constituted the credit; that the same was placed on the note without their knowledge or consent; that they never knew the memorandum had been indorsed upon the note, or that defendant claimed the note was entitled to such credit, until just before the institution of the suit. They alleged further that Neilon, who was their local manager at Lancaster, was not authorized to allow as a credit on the note his personal indebtedness to defendant, and that by reason of the fraudulent conduct of defendant and Neilon the account of plaintiffs against defendant was improperly shown to have been settled, notwithstanding there remained a balance due thereon of $273.45, the amount of the unauthorized credit. In harmony with this view, plaintiffs prayed judgment for the balance due on the note after deducting all credits, including $273.45, the Neilon account, and sought judgment, as upon open account, for $273.45, the unpaid balance of their account against defendant, and for general relief.

Defendant answered to the effect that, with full knowledge of the act of their agent, plaintiffs ratified the same by instituting suit on the note in its altered form, and that after thus making the act of the agent their own, they could not restore' the note to its origi-

nal form and maintain the suit; that the note was rendered void by the alteration and was altogether unenforceable. Defendant further pleaded the statute of limitation of two years to the claim of plaintiffs on open account, being the amount alleged to have been illegally and improperly settled by the unauthorized credit.

At the conclusion of the evidence the court instructed a verdict for plaintiff for the amount due upon the note, less the credit of the Neilon account, and judgment was entered accordingly, from which defendant appeals. Plaintiffs have also filed a cross-assignment of error.

The facts are these: Plaintiffs were engaged in the retail lumber business at several places. J. T. Elliott was general manager and J. W. Neilon was local manager at Lancaster. The defendant cotton oil company had its plant at Lancaster, and W. G. McCurdy was president and manager. On March 1, 1922, defendant was indebted to the plaintiff on open account in the sum of $1,000.45, and Neilon, plaintiffs' local manager, was personally indebted to the defendant on open account in the sum of $273.45. In this situation, Mr. McCurdy, for defendant, executed and delivered to Neilon, plaintiffs' local agent, the note in suit, for the amount due plaintiffs, but before delivery indorsed on the back of the note the following memorandum: "3/1/22. Credit this note by J. W. Neilon account amt. 273.45 by J. W. Neilon."

McCurdy having failed to place revenue stamps on the note, Neilon stamped the same and pasted the stamps so as to obscure the credit memorandum above mentioned. Plaintiffs were in no way liable for the payment of the account held by defendant against Neilon, nor did they know or consent to the entry of the credit on the note. Neither Elliott nor McCurdy knew that Neilon had effaced the credit until about April 20, 1923. Elliott ascertained a short time prior to April 20th that defendant was claiming a credit on the note for the amount of the Neilon account. On that date, he, in company with his new manager at Lancaster, Mr. Buxton, visited the office of Mr. McCurdy in regard to the matter. Mr. McCurdy insisted that the credit had been placed on the note and should be shown, but as it was not apparent, Neilon was called into the conference and admitted that the credit was on the note, but that he had obscured the same by pasting over the memorandum revenue stamps, which on examination was found to be true. Neilon's excuse was that he was not able to take care of the account and this was his method of killing the credit. Plaintiffs immediately placed the note in the hands of attorneys for collection, and this suit ensued.

Defendant contends as grounds for reversal that the court erred in refusing to direct a verdict in its favor because the note was altered in a material respect, that plaintiffs, with full knowledge of the unauthorized act of their agent, ratified the same by filing suit on the note as altered, and that the note could not thereafter be restored to its original form and recovery obtained thereon.

We find no fault with the doctrine insisted upon by appellant; that is, that a material alteration will vitiate a written instrument and that the rule applies with equal force to the alteration of a memorandum intended to form a part of the instrument. This case, however, is not in our opinion within the rule for the reason that the credit memorandum alleged to have been altered never became a part of the instrument.

Plaintiffs were not liable for the Neilon account, were not consulted in regard to the matter, did not agree to the credit memorandum, and had no knowledge of its existence or of the defendant's contention with reference thereto until a short time before the institution of this suit.

The note in question was executed by Mr. McCurdy, general manager of the defendant company, for the purpose of closing an open account his company owed plaintiffs, and at the time of its preparation without the knowledge of, or authority from, plaintiffs, wrote thereon the credit memorandum, which represented an item of personal indebtedness his company held against Neilon.

[1-3] Without authority from plaintiffs, which Neilon did not possess, he was not authorized to agree to the credit memorandum, and McCurdy had notice as a matter of law of his want of authority in this respect. It was not within the power of McCurdy and Neilon to impose this condition on plaintiffs without their knowledge or consent. Therefore we hold that the credit memorandum was no part of the note, and its alteration or spoliation, whatever the act was in law, did not affect the instrument or impair the rights of plaintiffs. Shaw Co. v. Dalton Adding Machine Co. (Tex. Civ. App.) 211 S. W. 833; Trippett v. Nash-McLarty Motor Co. (Tex. Civ. App.) 269 S. W. 205, 207.

Appellant makes the contention, however, that the unauthorized act of plaintiffs' agent in obscuring the memorandum was ratified by plaintiffs, with full knowledge of the facts, by instituting suit on the note in its altered form. If the memorandum had been a part of the note at the time of its alteration there would be merit in this contention, but, as it was no part of the instrument, its alteration was immaterial, and the filing of suit on the note in its original form, instead of being the ratification by appellees of the unauthorized act of an agent, as contended by appellant, was, in fact, the repudiation of an unauthorized attempt to impose the Neilon account as a credit on the note.

By cross-assignment plaintiffs contend that,

in addition to the recovery permitted on the note, they should have recovered $273.45, the amount of plaintiffs' account against defendant left unsatisfied due to the allowance of the unauthorized credit.

[4] We are of the opinion that plaintiffs have mistaken their remedy. If the Neilon account could be recognized at all as a proper credit on the note, it would be because plaintiffs authorized or agreed to same. If such were the facts, the note effectually closed and settled the account. The undisputed facts show, however, that the credit memorandum never became a part of the note because never agreed to or authorized by plaintiffs. We are of the opinion, therefore, that plaintiffs should have obtained judgment below for the full amount due according to the terms of the note, excluding $273.45, which represented the Neilon account. In the status of the case, we cannot render the judgment which we believe should have been rendered below; but in order to attain the ends of justice, the case will be reversed and remanded for further proceedings in harmony with the views expressed herein. Texas & Pacific Ry. Co. v. Hughes (Tex. Civ. App.) 94 S. W. 130; Texas & Pacific Ry. Co. v. Allen, 42 Tex. Civ. App. 331, 98 S. W. 450, 451; O'Bannon v. Pleasants (Tex. Civ. App.) 153 S. W. 719, 720; Ft. Worth & D. C. R. Co. v. Copeland (Tex. Civ. App.) 164 S. W. 857–859; Ogg v. Ogg (Tex. Civ. App.) 165 S. W. 912, 914, 915; Glasscock v. Sinks (Tex. Civ. App.) 185 S. W. 405; Moon Buggy Co. v. Moore-Hustead Co. (Tex. Civ. App.) 196 S. W. 328, 330; Houston, etc., v. Levand (Tex. Civ. App.) 206 S. W. 379; Alexander v. Meredith (Tex. Civ. App.) 262 S. W. 111.

Reversed and remanded.

### On Motion for Rehearing.

In the original opinion filed in this cause, discussing the contention of plaintiff in error that the act of Neilon in obscuring the memorandum on the back of the note was ratified by appellee when the suit on the note in its altered form was instituted, we said:

"If the memorandum had been a part of the note at the time of its alteration, there would be merit in this contention, but as it was no part of the instrument, its alteration was immaterial and the suit, instead of ratifying the unauthorized act of the agent, was a repudiation and rejection thereof."

In plaintiff in error's motion for rehearing, this proposition is criticized as follows:

"It is difficult to understand this proposition. Plaintiffs' agent in effect canceled the credit indorsed on said note, and the plaintiffs instituted this suit on the note with the credit eliminated. If that was not a ratification of plaintiffs' act in obscuring the credit, then what was it? The authorities all hold that instituting a suit on an altered note in its altered condition is a ratification and adoption of the alteration and defeats a recovery on the instrument either in its original or altered form."

[5] This criticism is justified because the language employed in the opinion does not accurately express our idea; Mr. Elliott, manager of the lumber company, was not apprised of the facts until they were developed on April 20, 1923, in the course of an interview between him, Mr. McCurdy, Neilon, and Buxton, in Mr. McCurdy's office. When thus apprised, he was for the first time called upon to either agree or disagree to the allowance of the credit. He refused to agree, and thus the memorandum never became a part of the note, and the idea we intended to express was that the institution of the suit on the note in its original form, instead of being, as contended by plaintiff in error, the ratification of the unauthorized act of an agent, was in fact evidence of an emphatic repudiation of the unauthorized attempt to impose nolens volens the Neilon account as a credit on the note. The opinion will be corrected to express this idea.

The suggestion is further made that the question of law involved, that is, whether the memorandum became a part of the note, is of sufficient importance to the jurisprudence of the state to justify its certification to the Supreme Court for decision. To this we do not agree. The question involved is not one of law, but of fact. We do not dissent from the propositions of law urged by plaintiff in error. We hold that under the facts the credit memorandum never became a part of the note because never agreed to by Elliott; hence its alteration was wholly immaterial and suit on the note ratified nothing, because there was nothing to ratify.

[6] The oil company was indebted to the lumber company in the sum of $1,000.45 on open account, which was closed by the note prepared, executed, and delivered by McCurdy to Neilon, on the back of which McCurdy indorsed the memorandum before delivery. McCurdy knew Neilon was not authorized to agree that his personal indebtedness to the oil company could be credited upon its indebtedness to the lumber company. He furthermore knew as a matter of law that Neilon could not act as agent for defendants in error in regard to this matter. By delivering the note to Neilon under the circumstances, McCurdy made Neilon his agent to bring this matter to the attention of defendants in error, which in fact was never done. These facts are undisputed; hence no question of law arises for certification.

Having duly considered plaintiff in error's motion for rehearing, we find no reason to disturb our original holding, and the same is overruled.