## MATHES et al. v. HUEY–PHILP HARDWARE CO.    (No. 3336.)

Court of Civil Appeals of Texas.    Amarillo.
Dec. 18, 1929.

Weeks, Morrow, Francis & Hankerson and Bonner & Bonner, all of Wichita Falls, for appellants.

Berry, Stokes, Warlick & Gossett, of Vernon, for appellee.

RANDOLPH, J.    This suit was filed by the appellee against H. L. Mathes and H. A. Winter to recover the value of one Hobart doughmixer. All matters of fact as well as of law were submitted to the court, and on trial the court rendered judgment for the plaintiff as prayed for, and also rendered judgment for the defendant Mathes over and against his codefendant Winter, and the defendants have appealed to this court.

The plaintiff's petition alleges that: "The plaintiff owned and was in possession of one Hobart dough-mixer, which was situated in the Darden Café at Vernon, Tex. That the plaintiff sent its representatives to Vernon for the purpose of removing said mixer to its general office at Dallas, along with a considerable quantity of property belonging to plaintiff in said café, but that defendants and each of them jointly resisted such removal, claiming that they had title thereto, and that they refused to allow plaintiff to remove said mixer peaceably, and thereby converted the same to their own use and benefit. That said mixer was at the time of the reasonable cash market value of $300." Plaintiff further prayed judgment against defendants for its damages and for costs of suit and general relief.

The defendant Mathes filed his answer, consisting of a general exception and general denial, and specially denied a conversion of the dough-mixer, and denied that he ever did anything except acts consistent with the assertion of the title he acquired from the defendant Winter through a valid bill of sale executed to him by said Winter covering the property described in the plaintiff's petition. Defendant Mathes also pleaded over against his codefendant in the event of judgment for the plaintiff against him. Defendant Winter filed his answer, consisting only of a general exception and general denial.

It will be seen that the plaintiff sues as owner to recover the value of the mixer. The plaintiff's proof shows that it claims the property by virtue of a judgment foreclosing a chattel mortgage lien upon certain property, including the mixer in controversy, which judgment had not been put into effect by the issuance of an order of sale, thus leaving the lien recited subject to legal foreclosure. The plaintiff having failed to secure the issuance of an order of sale under said judgment and sale thereunder to itself, the status of its claim to the property is not that of owner, but remains that of lienholder, and it was not entitled to recover as owner.

In the case of Moon Buggy Co. v. Moore-Hustead Co., 196 S. W. 328, 330, the Court of Civil Appeals for the Dallas District, where the petition alleged ownership of the property and sought recovery of the value thereof, but the evidence showed only the status of lienholder in the plaintiff, held: "Under the law, as we understand it, appellant could not recover possession of the buggies as owner; but, it being shown that appellant holds a mortgage on the buggies, it would be inequitable to allow the judgment of the lower court to stand, and it will be reversed, and appellant allowed to amend and allege the proper grounds for relief, and upon which it is entitled to recover. Citizens' Bank v. City of Terrell, 78 Tex. 450–461, 14 S. W. 1003." Writ

denied. See, also, Citizens' Cotton Oil Co. v. Elliott (Tex. Civ. App.) 294 S. W. 654, 656; Mullaly v. Ivory (Tex. Civ. App.) 30 S. W. 259.

The other assignments and propositions presented by defendants in their brief are either immaterial, and are overruled, or will not likely arise on another trial, hence are not discussed.

For the reasons stated above, the judgment of the trial court is reversed, and the cause remanded for a new trial.