## R. B. SWANN v. G. MUSCHKE & Co.

1. PLEADING. A replication to a plea of payment supported by a receipt signed by plaintiff, alleging fraud or mistake in the receipt, is good without being supported by affidavit.

2. RECEIPT MAY BE EXPLAINED OR CONTRADICTED. A written receipt for money or property may be explained or contradicted by parol evidence.

APPEAL from Harris. Tried below before the Hon. James Masterson.

. The facts appear in the Opinion.

*Crank & Webb*, for appellant.

No proper foundation was laid for the admission of any testimony impeaching the receipt, and all such evidence should have been excluded under the objection of the defendant. (See Paschal's Digest, Article 1443.) It is upon these sections, and the interpretation given to it by our courts, that the motion to exclude the testimony was founded. This article furnishes a rule regulating the evidence, and not the pleading. (Robinson v. Brinson, 20 Texas, 440 ; Drew v. Harrison, 12 Texas R., 279–282 ; Kelly v. Kelly, 12 Texas R., 454 ; Lee v. Hamilton, 12 Id., 417.)

In Lee v. Hamilton, it is held that a plea denying a partnership not sworn to, as required by the statute, was properly treated by the court as a nullity.

In Drew *v.* Harrison, Judge Hemphill held that a plea putting in issue a partnership not sworn to, should have been regarded as a nullity by the court.    (Lee *v.* Hamilton, 12 Texas, 417, etc. ; Drew *v.* Harrison, Id., 282.)

If, therefore, such a plea is a nullity, of course no evidence could be admitted in support of it.

In Kelly *v.* Kelly, the point raised was in many respects similar to the question raised in this case.    In that case defendant pleaded a receipt.    The plaintiff did not, by any proper pleadings, impugn the receipt or put in issue its genuineness—in other words, it was not sworn to.    Justice Wheeler reversed and remanded the case, because " the judge in his " charge gave the jury to understand that they were at liberty " to disregard a receipt which had not been properly attacked " by the pleadings."    (Kelly *v.* Kelly, 12 Texas R., 454.)

This is the error complained of in the case at bar.    The plea attacking the genuineness of the receipt in question, was not sworn to, and yet the court permitted testimony to be introduced under the plea ; and in effect charged the jury, that they might disregard the receipt, which had not been properly attacked by the pleadings.

The decisions above referred to were made upon Article 741, Hartley's Digest.    By a comparison of the articles in Paschal and Hartley, it will be seen that the language of the two is precisely the same, and the construction given by the court to the one will be equally applicable to the other. (Hartley's Digest, Article 741 ; Paschal's Digest, Article 1443.)

Upon these authorities it is submitted, that the court erred in admitting the testimony under the amended petition of plaintiff.

*Winch & Shaffer,* for appellees, cited Underwood *v.* Parrot, 2 Texas, 180 ; Wells *v.* Fairbank, 5 Texas, 582 ; Williams *v.* Bailes, 9 Texas, 61 ; Drew *v.* Harrison, 12 Texas, 279 ; Andrews *v.* Jones, 36 Texas, 149 ; Parsons' Mercantile Law, 23 ;

1 Greenl. Ev., §§ 305, 212; 8 Wallace, 328; Stapleton *v.* King, 33 Iowa, 28; Ryan *v.* Ward, 48 N. Y., 204; Byrne *v.* Schwing, 6 B. Monroe, 190; Ryan *v.* Rand, 6 Foster, 13; Brooks *v.* White, 2 Met., 283; Humphries *v.* McCraed, 5 Pike, 61; Southwick *v.* Hayden, 7 Cowan, 334; Edgerly *v.* Emerson, 3 Foster, 555; Saunders *v.* Hendrix, 6 Ala., 224.

DIVINE, J. Appellees brought suit to recover from appellant, in the District Court of Harris county, two hundred and ninety-seven dollars and fourteen cents, the balance due on an account for lumber.

The defendant's answer set up two receipts from plaintiff, one signed in June, 1873, for four hundred dollars. The other receipt being for two hundred and ninety-four dollars.

The plaintiffs amended their pleadings, and averred that a credit had been given defendant, on their account, for two hundred dollars, paid by defendant in April, 1873, and that the receipt signed by them for four hundred dollars, in June, included the amount of the two hundred dollars which was already credited on the account rendered to defendant in April, 1873.

Plaintiffs, in their amendment, stated that the receipt signed by one of the plaintiffs in July, 1873, for two hundred and ninety-four dollars and thirty cents, was signed in ignorance of its contents; that defendant had written the receipt, stating the payment of this amount, which plaintiff had signed in ignorance of its contents, defendant having paid him not more than one hundred and ninety-four dollars.

The jury having found for the plaintiff the amount sued for, the defendant seeks a reversal of the judgment, and assigns as errors, the ruling of the court in admitting evidence to contradict the receipt for two hundred and ninety-four dollars and thirty cents, when the pleadings setting up the fraud of defendant or mistake of plaintiffs, was not sworn to; and the error of the judge in charging the jury in effect, " that as to said receipt " for two hundred and ninety-four dollars and thirty cents, it " was open to explanation; and that if the proof showed that said

" receipt, by mistake or by fraud, was for a larger sum than was " in fact paid, then the jury should allow only actual payments."

We perceive neither error in the admission of the evidence, or the charge as quoted. The amendment of plaintiff was not a plea of *non est factum*, it was not in the nature of one ; it was an acknowledgment of having signed the receipt, and a statement of facts, which, if proven as evidence, could leave no other impression on the mind of a listener, than that by fraud or mistake, plaintiff, Muschke, had given defendant a receipt for one hundred dollars more than was paid him. That a receipt given for money or other property may be explained or contradicted by parol evidence, will not be seriously denied, when, as in this case, the pleadings authorize the introduction of proof ; this being so, the charge of the court was properly framed to meet the real question at issue.

There was consequently no error in overruling the motion for a new trial, the evidence sustaining the verdict.

The judgment is affirmed.