## COX v. JASPER.

No. 4631.

Court of Civil Appeals of Texas. Amarillo.

Sept. 21, 1936.

Rehearing Denied Nov. 2, 1936.

Jos. H. Aynesworth, of Borger, for appellant.

W. F. Nix, of Amarillo, for appellee.

MARTIN, Justice.

Appellant obtained a default judgment against appellee. Thereafter, appellee filed suit in the nature of a bill of review to set aside said judgment, alleging certain equitable grounds not necessary here to notice. Judgment upon special issues was entered for appellee.

Special issues Nos. 12 and 13 were as follows:

12. "Answer from a preponderance of the evidence, whether or not L. B. Cox, at the time said cattle or tractor were delivered to him, agreed with D. L. Jasper to accept same in full settlement of the note sued upon in said Cause No. 761. Answer 'Yes' or 'No.'

13. "If you have answered Question No. 12 'Yes,' then answer the following:

"Answer from a preponderance of the evidence, whether or not D. L. Jasper delivered said cattle or said tractor in obedience of said agreement of L. B. Cox, if any, to accept them in full payment of said note. Answer 'Yes' or 'No.'"

Appellant introduced receipts given by him, the exact nature of which is shown by a reproduction here of one of these:

"Borger, Texas,
"July 9, 1934.

"Received of D. L. Jasper
4 cows with calves valued at $40.00 each
1 two year old heifer valued at 10.00
1 two year old steer valued at 10.00

"As per agreement the above described credits will be posted to your note which I hold.

"L. B. Cox."

The contention of appellee, as shown by the above special issues, answered favorably to him, was that Cox had orally agreed to accept the cattle and tractor in full settlement of the note owing appellant, and same were delivered in consummation of such agreement.

It was appellant's contention that such property was delivered only as a credit upon such note, and, same having been so credited, appellee could not cancel said original judgment for the balance remaining.

If we comprehend his controlling contentions here, they are in substance: (1) That said receipts constituted a written contract which could not be contradicted, as was done, by any parol agreement to the contrary, in the absence of proper pleadings attacking same upon the usual grounds of fraud, accident, or mistake; (2) that no evidence existed to support a finding for appellee upon issues Nos. 12 and 13.

■ That a mere receipt may be of that contractual character which brings it within the rule invoked by appellant is, we think, well settled, Brackenridge v. Claridge, 91 Tex. 527, 44 S.W. 819, 43 L.R.A. 593; 10 Tex.Jur. 263; that it is not necessarily and always such, is obviously true.

A mere ex parte statement in writing of one party, not shown to be accepted or acted upon by the other, could not in law constitute a binding written contract. This is too self-evident to require discussion.

We think this case falls within the latter class.

■ Here appellant did issue the above-quoted receipt and sent same by his hired hand to appellee when he went after the cattle. The testimony for appellant ends here. Indeed the record shows he objected to any showing of what was said at the time of its delivery. The evidence for appellee meagerly but sufficiently rebuts the inference that same was accepted as the contract between them. Briefly, we regard the evidence as going no further than to conclusively show the issuance of a receipt. If this were its character, no pleading was necessary as a basis for its contradiction by parol testimony. Swann v. G. Muschke & Co., 42 Tex. 342; Alexander v. Meridith (Tex.Civ.App.) 262 S. W. 111 (Error Ref.); 17 Tex.Jur. p. 812.

We think the testimony as a whole presents two theories: One of an agreement of settlement and discharge of a note, the other of a payment to be credited only on such note. The trial court's judgment was for the former and against the latter.

■ The pleadings allege, and the evidence tends to show, the weak mentality of appellee. His evidence is not clear. Isolated statements from him are quoted by appellant in support of his theory. Some contradictory testimony appears. This presented only a jury question. 3 Tex.Jur. p. 1096; 3 Am.Jur. p. 444 et seq. His theory is supported by the testimony of a third party and corroborated by his own. Viewed in its most favorable light, we think the evidence amply sustains the verdict.

Judgment affirmed.

### On Motion for Rehearing.

■ The receipts in controversy are contractual upon their face. We have not held otherwise, as contended by appellant. We did hold that such an ex parte unilateral instrument not shown to be accepted as the contract between the parties by the appellee would not constitute a contract, and that an issue existed as to such matter.

We have corrected some inadvertent and immaterial expressions in the opinion called to our attention. We adhere to our original view.

Motion overruled.