### H. B. ZACHRY CO. v. MAERZ.

### No. 12019.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 28, 1949.

Rehearing Denied Oct. 19, 1949.

Maverick, Putman & Putman, San Antonio, Chester H. Johnson, San Antonio, for appellant.

Joe Burkett, San Antonio, for appellee.

W. O. MURRAY, Justice.

The plaintiff, W. J. Maerz, instituted this suit in the District Court of Bexar County, against H. B. Zachry Company, a corporation, seeking a temporary injunction restraining defendant from tearing up and rebuilding a portion of the Fredericksburg Road which runs in front and alongside plaintiff's place of business at 1102 Fredericksburg Road, San Antonio, Bexar County, Texas.

Plaintiff operates a place of business known as Jiffy Ice Store, at which he sells ice, cold drinks, frozen foods and other merchandise, and alleged that if defendant, who has a contract to repair Fredericksburg Road alongside and in front of his place of business, is permitted to tear up and rebuild this road, without first building an avenue of ingress and egress to plaintiff's store, that his business will be ruined during such time as said road or street is torn up and during the time it is being repaired which was alleged to be a period of about thirty days.

When the case was called for trial the court suggested to the parties that they try to reach an agreement, and after some attempt on the part of attorneys for both plaintiff and defendant to reach an agreement, the following agreed judgment was entered, to-wit:

"Now, on this the 20th day of May, 1949, came on to be heard, in its regular order, the application of the plaintiff for a temporary injunction herein, when came the defendant, as well as the plaintiff, in person and by attorneys, and announced ready for trial on said application, and the Court having heard the pleadings of both parties read, as well as the exceptions and pleas urged by the defendant, and the argument of counsel thereon, and having requested the parties to the matter in controversy to make an effort to compose their difference, and said parties, and their attorneys having retired from the courtroom and having consulted regarding the matters, afterwards returned into open court and stated, in open Court, that they had reached an agreement in the matter, and that same was and is as follows:

" '1. That the avenue of ingress and egress already constructed and in use, entering plaintiff's property should remain as now used and constructed, for the entrance into and exit from plaintiff's place of business from the south;

" '2. That defendant would construct and provide another avenue of ingress and egress to and from plaintiff's place of business at the northwest corner or portion of his said property, approximately 25 feet wide, said point to be designated upon the ground by counsel for the plaintiff and defendant.

" '3. That defendant should proceed with the construction of said street from the south end of the project to the south edge of the avenue of ingress and egress provided in paragraph 2, above; that same should be completed and cured for traffic, before proceeding further;

" '4. That after the construction and completion of said first section, as aforesaid, and the opening thereof to traffic, so as to provide ingress and egress to plaintiff's place of business, then that the two avenues of ingress and egress at the south and north ends of the plaintiff's property, may be removed, and the remainder of the construction work on said project completed at its discretion;

" '5. That, in consideration of the opening and maintenance of said avenues of ingress and egress to and from plaintiff's place of business, as aforesaid, plaintiff agrees to dismiss his suit for injunction and damages against the defendant.'

"It is, therefore, the judgment of this Court that said agreement as above set forth be in all things approved and confirmed, and that the defendant shall open up and maintain an avenue of ingress and egress to plaintiff's place of business at the

northwest corner of same, as provided in paragraph '2' of said agreement, and that the defendant proceed with the construction of said street and project, as set forth in said agreement of the parties made in open Court.

"It is further ordered that the plaintiff's suit for injunction and damages be and the same is hereby dismissed, and that the parties hereto each pay the respective costs incurred by them in the said suit."

At the time the form of the agreed judgment was presented to the trial judge for his approval, the attorneys for the defendant contended that no agreement had been reached, due to the difficulty of agreeing upon a designated place on the grounds to build an avenue of ingress and egress to plaintiff's place of business as provided in paragraph No. 2 of the alleged agreement. An extended argument took place in the presence of the court between the attorneys for plaintiff and defendant, the attorneys for plaintiff contending that a judgment had been agreed upon and the attorneys for defendant contending that no such agreement had been reached. Ultimately the trial judge entered the judgment as above set forth. H. B. Zachry Company has prosecuted this appeal.

We are of the opinion that the judgment must be reversed because the record fails to show that any agreement was actually entered into. Before this alleged agreed judgment was approved by the trial judge the attorneys for appellant contended that no complete judgment had been agreed upon. The agreement further shows on its face that it is incomplete, in that there remained a further agreement to be entered into, that is, the place upon the ground where the avenue for ingress and egress was to be built. Thus material matters were left for future adjustment and there was no binding agreement entered into between the parties. All the essential terms of the contract must be settled and there must be a meeting of the minds on all such matters. The alleged agreement on its face shows that it was incomplete and the trial judge should not have entered judgment based on an incomplete agreement. 10 Tex.Jur. p. 27, § 13; J. C. Engel-

man, Inc., v. Sanders Nursery Co., Tex. Civ.App., 140 S.W.2d 500; Cox v. Jasper, Tex.Civ.App., 97 S.W.2d 530, 531; Hume v. Bogle, Tex.Civ.App., 204 S.W. 673.

The judgment of the trial court based upon the incomplete agreement of the parties is reversed and the cause remanded.

SMITH, C. J., absent.