**SMULCER v. ROGERS et al.**

No. 15410.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 20, 1953.

Rehearing Denied March 20, 1953.

Jack Connell, of Wichita Falls, for appellant.

McDonald & Anderson and Nelson, Montgomery, Robertson & Sellers, all of Wichita Falls, for appellees.

RENFRO, Justice.

Suit was brought by appellant Smulcer, as plaintiff, against appellees Rogers and Harrison, as defendants, to recover the sum of $15,000 theretofore paid by appellant to appellees. By cross-action appellees claimed said money as liquidated damages, or, alternatively, as damages. From a judgment in favor of appellees on the cross-action, appellant prosecutes this appeal.

Appellant offered to buy a trucking business from appellees for the sum of $151,400, partly in cash and in part by properties and other considerations. In the process of negotiations, appellant paid appellees $15,000 by check. All parties agreed that

the oral agreement would be reduced to writing but appellant contended the oral contract was not to become effective until reduced to writing and signed by the parties, while the appellees contended that an oral agreement was consummated and the written contract was merely to be a memorandum of the oral contract already agreed upon. Appellant contended that no contract, oral or written, was ever entered into between him and the appellees.

The negotiations which resulted in the present controversy occurred on the 31st day of May, 1950. The case was tried to a jury, which found that (1) the plaintiff and the defendants orally agreed that as part of the consideration for the purchase and sale of a trucking business defendants were to dismiss lawsuit No. 47154–A then pending between the parties; (2) the parties did not agree that plaintiff would not be bound by the trade if the regulatory bodies refused to transfer the motor carrier certificates; (3) the parties did not agree that the contract was to be reduced to writing and signed before being binding on either party; (4) the plaintiff did not agree to give a deed of trust on certain real estate to secure the payment of a $45,000 note to be executed by him as part of the purchase price. Issue No. 5 read: "Do you find from a preponderance of the evidence that the $15,000.00 paid by Plaintiff to the Defendants on the morning of May 31, 1950, was to be returned to the Plaintiff in the event that the deal was not consummated?" The jury answered, "No." Issue No. 7 read: "Do you find from a preponderance of the evidence that the Plaintiff and the Defendants agreed on May 31, 1950, that the $15,000.00 paid by P. A. Smulcer to Rogers and Harrison should be considered as liquidated damages as hereinafter defined, if P. A. Smulcer refused to carry out the oral agreement, if any, made on that date?" The jury answered, "No." In answer to Special Issue No. 6, the jury found that the plaintiff orally agreed on the morning of May 31, 1950, that the item of $37,961.75, a part of the purchase price of the defendants' business, was to be paid defendants within a reasonable time. In answer to Issue No. 15, the jury found that the trucking business on May 31, 1950, had a reasonable cash market value of $135,000.

The court entered judgment that plaintiff take nothing but that defendants recover from plaintiff the sum of $17,223.03, to be credited with the $15,000 theretofore paid by plaintiff to defendants.

The appellant complains, first, that the court erred in failing to instruct a verdict in his favor. We do not agree. The appellant contended that a pending lawsuit was to be dismissed as part of the consideration of the sale and purchase of defendants' business. The appellees contended the case was not to be dismissed until after the purchase and sale was completed. Appellant contended the oral agreement would not be effective in the event the regulatory bodies refused to transfer the motor carrier certificates. The appellees claimed that the contract was to be binding regardless of the action of the regulatory bodies. The appellant testified that the oral agreement was not to become effective and binding until reduced to writing and signed by the parties. The appellees claimed that the writing was merely to be a memorandum of the oral contract already agreed upon. The appellant denied that he agreed to execute a deed of trust on certain real estate to secure the payment of a $45,000 note which he was to give as a part consideration for the trucking business. The appellees contended he did agree to execute such deed of trust. The appellant testified that he was to be given two weeks or "a reasonable time" within which to pay the $37,961.75 cash required as a part of the consideration for the purchase price of the business. The appellees contended the payment was to be made as of the date of the execution and delivery of the necessary transfer papers. The appellant testified the $15,000 paid by him to the appellees was to be credited as a part of the purchase price if the deal was consummated and was to be returned to him otherwise. The appellees contended the $15,000 was to be considered as liquidated damages if the deal was not consummated.

To constitute a contract the minds of the parties must meet with respect to all the subject matter of the agreement, and as

to all of its essential terms; and all of them must assent to the same thing in the same sense at the same time. Their assent must comprehend the whole proposition, and the agreement must comprise all the terms which they intend to introduce into it. There is no contract where the terms are not agreed upon. 10 Tex.Jur., pp. 27–29, sec. 13; Langever v. Doyle, Tex.Civ.App., 44 S.W.2d 1050; J. C. Engelman, Inc., v. Sanders Nursery Co., Inc., Tex.Civ.App., 140 S.W.2d 500; Allen v. Strode, Tex.Civ. App., 62 S.W.2d 289; H. B. Zachry v. Maerz, Tex.Civ.App., 223 S.W.2d 552.

▪ We think it obvious from a recital of the above conflicting contentions of the parties that there were fact issues to be determined by the jury before it could be determined whether or not the parties had, on May 31, 1950, entered into an enforceable contract, and the court could not say as a matter of law that there had been a meeting of the minds and complete agreement on the essential terms of the purported contract. The trial court did not err in overruling plaintiff's motion for instructed verdict.

We overrule the point of error.

In his second point, appellant contends the court erred in not presenting his theory of the lawsuit in that the court did not submit to the jury any issue or issues concerning whether or not there was a meeting of the minds of the parties relative to certain of the disputed issues of the case. The exception taken to the charge by the appellant was: "Now comes Plaintiff and objects and excepts to the charge as a whole for the reason that the same does not now present Plaintiff's theory of his cause of action."

▪ In view of the fact we are reversing the case on other grounds, we will not discuss the above point other than to say that we believe under Rule 279, T.R. C.P., it was incumbent upon plaintiff to request the proper issues. It will be noted that his objection does not assert the trial court refused to submit proper issues.

The appellant has brought forward other points complaining of the action of the trial court in awarding damages to the appellees on their cross-action. The judgment awards the appellees the sum of $17,223.03, providing a credit of $15,000 leaving balance owing the appellees of $2,223.03. The judgment does not state how the court arrived at such amounts. The appellees had plead the $15,000 as liquidated damages, and in the alternative, claimed $16,400 loss of profits by reason of plaintiff's failure to complete the trade.

▪ The appellees could not recover damages for lost profits unless appellant had breached a contract. In view of the jury's findings that the pending lawsuit was to be dismissed, that appellant was not to execute a deed of trust on certain real estate, and that appellant was to have a reasonable time within which to pay the $37,961.75, it is clear there was no consummated contract and the appellees were not entitled to credit the $15,000 as damages for lost profits. The appellees must recover, if at all, upon the contract declared upon and the primary essential element is the meeting of the minds of the parties. Willingham v. Thompson, Tex.Civ.App., 133 S.W.2d 833. It is obvious from the jury's findings that there was never any meeting of the minds of the parties. It might have been important, and probably was important, to appellant that he keep his real estate free of liens and that he have a reasonable time within which to raise the $37,961.75 rather than pay it immediately; and likewise, it was important to him that the lawsuit pending against him be dismissed.

▪ The appellees were not entitled to the $15,000 as liquidated damages because the jury verdict is adverse to them on that theory. The award of damages, then, must have been made by reason of the jury's answer to Issue No. 5. Although the jury, in answer to Issue No. 7, refused to find that the $15,000 was to be considered as liquidated damages, even if appellant "refused" to carry out the agreement, they, in Issue No. 5, refused to find that the $15,000 was to be returned to appellant "in the event the deal was not consummated." Thus, under the jury findings, the $15,000 would not be liquidated damages even though appellant should refuse to perform,

yet he would not get the money back "if the deal was not consummated." Under that finding, even if appellees "refused" to carry out the contract, appellant would not get the money back. Issue No. 5 does not inquire if the parties agreed that the money would be returned in the event the trade was not consummated. It makes no inquiry regarding the meeting of the minds of the parties in regard to the disposition of the $15,000 in the event the trade was not consummated. No instruction accompanied the issue. It merely asked if the money was to be returned, without inquiring as to any agreement of the parties as to whether or not it was to be returned. The jury could only speculate as to the meaning of the question. Due to the widely contradictory evidence and the unsatisfactory method of submitting the issues to the jury as to the $15,000, we have concluded that in fairness to all parties the judgment of the trial court should be reversed and remanded for a new trial.

Reversed and remanded.