**AETNA INSURANCE COMPANY,**
Appellant,

v.

**Manuel B. SANCHEZ, Appellee.**

No. 14383.

Court of Civil Appeals of Texas.

San Antonio.

May 12, 1965.

Rehearing Denied June 9, 1965.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

Montague & Thurmond, Del Rio, for appellee.

MURRAY, Chief Justice.

Appellee, Manuel B. Sanchez, a resident of Coahuila, United Mexican States, brought this suit against appellant, Aetna Insurance Company, a corporation chartered in the State of Connecticut and doing business in the State of Texas, seeking to recover damages for breach of an alleged contract agreement to pay appellee the sum of $5,000.00 for personal injuries sustained by him in an automobile collision with one Donald E. Stewart, an insured of appellant's, and the further sum of $250.00 for property damage. The automobile collision was alleged to have occurred on October 6, 1961, on U. S. Highway 377. Appellant acted in this matter through the adjustment firm of General Adjustment Bureau of Del Rio, Val Verde County, Texas, with James F. Dinsmoor as its manager. Appellee was represented by Hon. Ignacio Otero, the Acting Mexican Consul in Del Rio. Manuel B. Sanchez was severely injured in the collision and accumulated large hospital and doctor bills as a result of such injuries. Sanchez, at the time of his injury, was a bracero working under a labor contract.

Aetna Insurance Company filed a plea of privilege to be sued in Dallas County, alleged to be its legal Texas residence. The plea of privilege was controverted by appellee and, after hearing evidence, the trial court overruled the plea of privilege, and Aetna Insurance Company has prosecuted this appeal.

Appellee's controverting plea alleged two grounds of venue in Val Verde County under Subd. 27, Article 1995, Vernon's Ann. Civ.Stats. First, that suit was based on a breach of a contract of settlement made in Val Verde County between authorized agents of the parties, and, second, that at the time of commencement of suit on October 12, 1964, General Adjustment Bureau and/or James F. Dinsmoor were agent and/or agents of Aetna in Val Verde County.

It is the contention of Aetna that there had been no meeting of the minds as to all phases of the contract of settlement, and therefore there was no completed contract which could have been breached, and, second, that neither the General Adjustment Bureau, Inc., nor Dinsmoor was its agent at the time suit was filed.

Otero testified that Dinsmoor, as adjuster for Aetna, agreed to settle Sanchez's claim for $5,000.00 for personal injuries and for $250.00 for property damages. Dinsmoor does not deny the settlement agreement, but contends that it was further understood that all of Sanchez's hospital and medical bills were to be paid out of this sum of $5,250.00. Otero did not deny this contention.

Otero received a letter from Dinsmoor listing the hospital and medical expenses of $4,737.40, stating "these bills have not been paid to date," enclosing a photocopy of an insurance policy, and stating:

"We believe that you understand that this policy provides a total payment to Mr. Sanchez in the amount of $5,000.00. This money will be used to pay the aforementioned medical expenses and any moneys which are left will be directed to Mr. Sanchez.

"We are enclosing a release of all claims in the amount of $5,000.00. It would be greatly appreciated if you would have this document executed by Mr. Manuel B. Sanchez and forward same to our attention when completed."

Dinsmoor attached to this letter two releases, one for $5,000.00 and one for $250.00, to be signed by Sanchez, and stated that the checks would be made payable to the hospital, the doctors and Sanchez, jointly. This proposal was not agreeable to Otero, who asked Dinsmoor to "do me the favor of making the check payable to Manuel B. Sanchez and the Mexican Consulate." Dinsmoor replied that he would take the matter up with Aetna. The negotiations seemed to stop there; Aetna later refused the claim, as it was barred by the two-year statute of limitations, and thereafter this suit was filed. The question to be decided is whether or not a complete contract was entered into by the parties and thereafter breached.

The trial court having overruled the plea of privilege, the evidence must be viewed in a light most favorable to the judgment of the court. When this is done we come to the conclusion that the evidence establishes the fact that a complete contract was entered into between the parties. It was understood between Dinsmoor, as agent for Aetna, and Otero, as agent for Sanchez, that Sanchez would be paid the sum of $5,000.00 for his personal injuries, and the further sum of $250.00 for property damages. It was also understood that all hospital, medical and doctor bills incurred by Sanchez would be paid out of these funds. An itemized list of these bills, amounting to $4,737.40 was furnished to Otero.

There was no misunderstanding as to the terms of the agreement. Apparently, they were fully understood, but the conflict arose as to how the terms of the agreement were to be carried out. Unless there was a specific agreement as to how the agreement was to be put into effect, it should have been done in the usual and customary manner. The statement of Otero that it was not agreeable to him to have the checks made payable to the hospital, the doctors and Sanchez, and his request that Dinsmoor do him the favor of making the checks payable to Manuel B. Sanchez and the Mexican Consulate was not a repudiation of the agreement made by the parties or a counter offer, it was nothing more than a request that the checks be made payable in a certain manner. This did not have the effect of destroying the agreement of settlement the parties had entered into. Turner v. McCormick, 56 W. Va. 161, 49 S.E. 28, 67 L.R.A. 853; 17 Am. Jur.2d, Contracts, § 65; 17 C.J.S. Contracts § 43.

The cases cited by appellant: Smulcer v. Rogers, Tex.Civ.App., 256 S.W.2d 120, wr. ref., n. r. e.; H. B. Zachry Co. v. Maerz, Tex.Civ.App., 223 S.W.2d 552, no wr. hist., and Allen v. Strode, Tex.Civ.App., 62 S.W. 2d 289, can easily be distinguished from the case at bar and do not support appellant's contention here.

The judgment of the trial court is affirmed.

CADENA, J., not sitting.