Kennedy MONROE, Appellant,

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION, Appellee.

No. 5936.

Court of Civil Appeals of Texas,
Waco.

Oct. 26, 1978.

Bill Vannatta, Clark & Vannatta, Waco,
for appellant.

John B. McNamara, McNamara & McNa-
mara, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from judgment against him for the unpaid balance of a retail installment contract, secured by a 1976 Chevrolet, and foreclosure of security interest of plaintiff in such automobile.

On October 26, 1977 plaintiff GMAC, sued defendant Monroe on a retail installment contract executed by defendant in the credit purchase of a 1976 Chevrolet automobile; alleging plaintiff is owner of such contract; that defendant is in arrears in his payments; that plaintiff has declared the entire principal balance due as provided in the contract; and sought judgment for the balance of principal and interest due, attorney's fees, and foreclosure of security interest in the automobile.

On the same date plaintiff filed the affidavit of its manager A. B. Rich for writ of sequestration of the automobile, and on such date the Judge of the 74th District Court issued writ of sequestration commanding the Sheriff to take possession of the automobile and keep same subject to further order of the court. On October 29, 1977 the Sheriff took possession of the automobile pursuant to the writ of sequestration.

On October 31, 1977 defendant filed Motion to Dissolve the Writ of Sequestration, and the trial court after hearing, on November 4, 1977 overruled same.

Trial on the merits was to a jury which found:

1) Plaintiff GMAC requested defendant Monroe to surrender possession of the 1976 Chevrolet.
2) The unpaid balance of the installment contract was $4,597.34.
3) It was necessary for GMAC to secure an attorney.
4) GMAC declared the entire principal balance of the installment contract due.
5) GMAC did not waive its right to accelerate maturity.
6) A. B. Rich made the sequestration affidavit at a time when he had reasonable knowledge to fear defendant would conceal, dispose of, ill treat, waste, destroy, or remove the 1976 Chevrolet from the jurisdiction of the court.

It was stipulated a reasonable attorney's fee would be $1000.

The trial court rendered judgment on the verdict for plaintiff for $5,597.34 (unpaid balance of the installment contract plus $1000. attorney's fee); and for foreclosure of security interest in the automobile.

Defendant appeals on 11 points which we summarize as 4 main contentions.

1) The trial court erred in issuing the writ of sequestration because plaintiff's affidavit was insufficient as a matter of law in not setting forth:
a) specific facts as to the amount in controversy;
b) specific facts justifying issuance of the writ;
c) sufficient facts from which a reasonable conclusion may be drawn that defendant would conceal, dispose, ill treat, waste, destroy or remove the property during pendency of suit.
2) The trial court erred in overruling defendant's motion to dissolve the writ because:
a) there was no evidence of any grounds and specific facts relied on by plaintiff for issuance of the writ as required by statute;
b) the evidence was insufficient to prove the grounds and specific facts relied on for issuance of the writ.
3) The trial court erred in not assessing attorney's fees and damages against plaintiff.
4) The Sequestration Statute [Article 6840] is unconstitutional in that it fails to provide for notice and opportunity for a hearing at a meaningful time and in a meaningful manner before depriving a defendant of his property, thereby depriving the defendant of procedural due process.

Since the Sequestration Statute, Article 6840 is involved in all contentions we quote applicable portions as a footnote.[1]

■ Contention 1 asserts plaintiff's affidavit insufficient as a matter of law.

Section 2 Article 6840 requires the affidavit to state the nature of plaintiff's claim, the amount in controversy, and the facts justifying the issuance.

Plaintiff's affidavit for writ of sequestration filed herein states "Plaintiff sues for the title and possession of the hereinafter described property and for foreclosure of a security interest therein [describing the 1976 Chevrolet] of the value of $6,987.96; the said property is now in the possession of the defendant * * and the plaintiff fears that there is immediate danger that the defendant in possession thereof will conceal, dispose of, ill treat, waste or destroy such property, or remove the same out of the jurisdiction of this court during the pendency of this suit."

We think the affidavit is in substantial and sufficient compliance with the statute to authorize the judge to issue the writ.

■ Contention 2 asserts the trial court erred in overruling defendant's motion to dissolve the writ because there was no evidence or insufficient evidence of any grounds or specific facts to sustain issuance of the writ.

At the hearing on the motion to dissolve it was undisputed that defendant owed a debt (the installment contract), secured by a lien (security interest) on the automobile, and that defendant was delinquent 3 monthly payments of $166.38 each; that defendant had been in default before; that plaintiff's agents had contacted defendant by telephone and personally urged him to pay up; that he said "he didn't have the money and there was no way we could get the car at his place of business or at his home." Defendant at other times agreed to pay up his delinquent payments by times certain, but failed to do so. An automobile is a rapid depreciation chattel, and in the hands of defendant who did not make his payments but was continuing to use the vehicle, we think the trial court authorized to overrule the motion to dissolve the writ, and that the evidence is ample to sustain such order.

1. Article 6840. Grounds for issuance and dissolution.

Section 1. (a) Judges of the district [court] * * * shall, at the commencement or during the progress of any civil suit, * * * have power to issue writs of sequestration * * * in the cases and upon the grounds provided for in Subsections (b) through (e) * * *.

(b) When a person * * sues for the foreclosure * * [of] a security interest [in] personal property * * a writ of sequestration may be issued if a reasonable conclusion may be drawn that there is immediate danger that the defendant or party in possession will conceal, dispose of, ill-treat, waste, or destroy such property, or remove the same out of the limits of the county during pendency of the suit.

(c), (d) and (e) relate to real estate.

Sec. 2. The application for the issuance of the writ shall be made under oath and shall set forth specific facts stating the nature of the plaintiff's claim, the amount in controversy, if any, and the facts justifying the issuance.

Sec. 3. (a) When a writ of sequestration has been issued as provided by this article and the rules of civil procedure, the defendant may seek a dissolution of the writ by written motion filed with the court.

(b) A hearing on the motion to dissolve the writ shall be held and the issue determined not later than 10 days after the motion to dissolve is filed * *. At the hearing the writ shall be dissolved unless the party who secured the issuance of the writ proves the specific facts alleged and the grounds relied on for its issuance.

(c) (d) Provide for attorney's fees and damages for defendant if the writ is dissolved.

(e) A motion to dissolve the writ is cumulative of the right of replevy, and the filing of the motion to dissolve shall stay any further proceedings * * until * * the issue is determined.

Sec. 4. Requisites of Writ of Sequestration. There shall be prominently displayed on the face of the writ, * * the following: YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A "REPLEVY BOND." YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT. (See also Rules 696 through 716 TRCP which implement the sequestration procedure).

**594**

Contention 3 asserts the trial court erred in not assessing damages and attorney's fees against the plaintiff. Attorney's fees and damages against the plaintiff are authorized only if the writ is dissolved.

Contention 4 asserts the sequestration statute is unconstitutional in that it does not provide for notice and hearing at a meaningful time and in a meaningful manner before depriving defendant of his property.

Defendant relies on *Fuentes v. Shevin,* 1972, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, which held statutes in Florida and Pennsylvania invalid which permitted a creditor to obtain a prejudgment writ of replevin through summary process of ex parte application upon posting a bond. The court held that procedural due process requires an opportunity for a hearing before the State authorizes its agents to seize property from the party in possession.

The same court in *Mitchell v. W. T. Grant Co.,* (1974) 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406, held a Louisiana sequestration statute valid, which like the Texas statute provides that the debtor may immediately seek dissolution of the writ, which must be ordered unless the creditor proves grounds for issuance. The court held "it comports with due process to permit the initial seizure on sworn ex parte documents, followed by the early opportunity to put the creditor to his proof."

And the court recognizes the distinction between *Fuentes* and *Mitchell* in the 1975 case of *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751.

All defendant's points and contentions have been considered and are overruled.

AFFIRMED.