Jerry **MARRS**, d/b/a Nacogdoches Auto Auction, Appellant,

v.

**SOUTH TEXAS NATIONAL BANK, Appellee.**

No. 04–83–00453–CV.

Court of Appeals of Texas, San Antonio.

Feb. 6, 1985.

Rehearing Denied March 7, 1985.

Eustorgio Perez, Laredo, for appellant.

Alejandro E. Villarreal, III, Person, Whitworth, Ramos Law Firm, Laredo, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment denying intervenor's motion to extinguish or modify a writ of sequestration and dismissing intervenor's cause of action. South Texas National Bank (Bank) and Francisco J. Lerma (Lerma) entered into several agreements whereby Bank would forward funds to Lerma for the operation of his business, and he would in turn grant them a security interest in the automobiles purchased with the proceeds of the notes. Subsequently the parties entered into a

consolidated note containing an after-acquired property clause. The note was payable on demand or by a date certain. Bank made demand for payment on the unpaid principal sum of $171,538.63 plus accrued interest or, if Lerma were unable to pay, that he surrender by the close of business that day all vehicles held on his lot for sale.

Suit was filed by Bank against Lerma seeking to foreclose Bank's lien on inventory held for sale by Lerma pursuant to the promissory notes executed by him. Subsequent to the filing of its lawsuit, Bank, obviously concerned with preserving the collateral to satisfy the debt, and ancillary to its main cause of action to foreclose the security interest on the collateral, applied for and obtained a writ of sequestration, pursuant to which the Webb County Sheriff's Department seized sixty-two (62) vehicles held for sale on Lerma's used car lot. It was at this point that appellant, Jerry Marrs, d/b/a Nacogdoches Auto Auction (Marrs), filed his motion in intervention, seeking to extinguish or modify the writ of sequestration. Marrs attempted to exclude from the sequestered property some fourteen vehicles allegedly belonging to him, arguing that they were in fact his and were on Lerma's lot only on consignment. After hearing, the trial court entered an order upholding the writ of sequestration and finding that Bank had a greater right to possession of the vehicles than that of Marrs. Bank thereafter filed a motion for summary judgment as to Marrs' claim. The trial court entered a partial summary judgment dismissing his claim in its entirety. Subsequent to the partial summary judgment, a trial on the merits was had wherein a final judgment was entered in favor of Bank as against Lerma. Marrs presents six points of error alleging error in the application for the writ of sequestration, the granting of the writ of sequestration and the granting of appellee's motion for summary judgment. We affirm.

In points of error one, two and three, Marrs attacks the trial court's denial of his plea in intervention to modify the writ alleging defects in the application for the writ. In support of his contentions, he argues that the application and affidavit failed to allege facts from which it could be reasonably concluded that the property would be injured, ill-treated, wasted, converted or concealed, or removed from the county; that the application and affidavit failed to allege a value for each separate item of property; and, that the application was granted in violation of due process of law.

Bank, pursuant to TEX.R.CIV.P. 696, sought by application and affidavit a writ of sequestration ancillary to its suit against Lerma. TEX.REV.CIV.STAT.ANN. art. 6840, §§ 1(b), 2 (Vernon Supp.1985) requires that an application for sequestration be made under oath by a party having an interest in the property sought to be sequestered, and shall set forth specific facts stating the nature of the claim, the amount in controversy, and the facts relied upon to conclude that the party in possession will injure, ill-treat, waste, convert or conceal the property in question. Marrs argues that the application for writ of sequestration "clearly fails to include any facts upon which the trial court could conclude that Defendant would conceal or remove the property from Webb County, Texas, and from appellee." He further argues that the application and affidavit merely allude to the fact that Lerma refused to surrender possession of the property when requested, but failed to allege any facts from which the trial court could reasonably conclude that not only did Lerma refuse to surrender the property, but indicated that he would remove the property from the county or conceal the same.

■ Where a creditor's affidavit for writ of sequestration states that it is suing for title and possession of the described property and for foreclosure of security interest therein, describing the property, the value of the property, that the property is in the possession of the defendant, and that the plaintiff fears that there is an immediate danger that the defendant will conceal, dispose of, ill-treat, waste or destroy such property, or remove same out of the juris-

diction of the court during the pendency of the lawsuit, it is in substantial and sufficient compliance with TEX.REV.CIV.STAT. ANN. art. 6840 (Vernon Supp.1985) to authorize the judge to issue a writ of sequestration. *Monroe v. General Motors Acceptance Corp.*, 573 S.W.2d 591, 593 (Tex. Civ.App.—Waco 1978, no writ). Marrs' point of error number one is overruled.

■■■ Marrs' second point alleges error in granting the writ because the application fails to give the value of each article of the property sought to be sequestered. Marrs further argues that the application failed to strictly comply with TEX.R.CIV.P. 696 and in fact, only gave a total approximate value of $125,000 for the property of defendant Lerma, and no value or description of the property belonging to Marrs. We overrule appellant's contention for two reasons. Initially, in his motion in intervention seeking to modify the writ of sequestration, Marrs did not complain of the lack of specificity as to the value of each item in Bank's application for writ of sequestration. Further, we hold that the valuation by Bank was in substantial compliance with rule 696 in that all of the inventory held by Lerma was sought to be sequestered in satisfaction of the debt sued for under its main cause of action. *Joseph W. Moon Buggy Co. v. Moore-Hustead Co.*, 196 S.W. 328, 329 (Tex.Civ.App.—Dallas 1917, writ refused). Marrs' point of error two is overruled.

■■ In point of error three, Marrs alleges error in denial of his plea in intervention to modify the writ since the application was granted in violation of due process of law. In support of his contention, appellant cites the cases of *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Since the United States Supreme Court decision in those two cases, TEX. REV.CIV.STAT.ANN. art. 6840 (Vernon Supp.1985) has been amended such that it closely tracks the Louisiana statute held to be constitutional in *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).[1] The Court held a Louisiana sequestration statute valid, which like the Texas statute, provides that the debtor may immediately seek dissolution of the writ, which must be ordered unless the creditor proves grounds for issuance. *See Monroe*, 573 S.W.2d at 594. The *Mitchell* Court held, "it comports with due process to permit the initial seizure on sworn ex parte documents, followed by the early opportunity to put the creditor to his proof." *Mitchell*, 416 U.S. at 609, 94 S.Ct. at 1901, 40 L.Ed.2d at 415. Accordingly, we hold there was no due process violation and Marrs' point of error number three is overruled.

■ In points of error four and five, Marrs argues that the trial court erred in denying his plea in intervention to modify the writ since Bank had no interest or right to the property belonging to Marrs; and that the court erred in granting Bank's motion for summary judgment against him since Bank did not have a perfected security interest to the property in question. At the hearing, Marrs himself testified that the cars were held for sale on Lerma's car lot, and it is undisputed that the vehicles were in Lerma's possession on a consignment basis. The issue we must decide is which party had the superior right to possession of the disputed vehicles. To answer this question we must necessarily look to the Uniform Commercial Code, articles 2 and 9. Initially, TEX.BUS. & COM.

---

**1.** Article 6840 was amended in 1975. *See* Act of June 19, 1975, ch. 470, § 1, 1975 Tex.Gen.Laws 1246–48. Article 6840 provides, in pertinent part, as follows:

    Sec. 3

        *     *     *     *     *     *

    (b) A hearing on the motion to dissolve the writ shall be held and the issue determined not later than 10 days after the motion to dissolve is filed, unless the parties agree to an extension of time. At the hearing, the writ shall be dissolved unless the party who secured the issuance of the writ proves the specific facts alleged and the grounds relied upon for its issuance.

TEX.REV.CIV.STAT.ANN. art. 6840, § 3(b) (Vernon Supp.1985). *See also* LA.CODE CIV. PROC.ANN. arts. 3501, 3504, 3506, 3507, 3508 & 3576 (West 1961).

CODE ANN. § 9.114 (Tex. UCC) (Vernon Supp.1985), as it relates to consignment, would have protected the Marrs' interest had he complied with its provisions. The section requires that:

(1) the consignor complies with the filing provision of the chapter on Sales with respect to consignments (Subsection (c)(3) of Section 2.326) before the consignee receives possession of the goods; and

(2) the consignor gives notification in writing to the holder of the security interest if the holder has filed a financing statement covering the same types of goods before the date of the filing made by the consignor; and

(3) the holder of the security interest receives the notification within five years before the consignee receives possession of the goods; and

(4) the notification states that the consignor expects to deliver goods on consignment to the consignee, describing the goods by item or type.

*Id.* § 9.114(a)(1)–(4).

The question then becomes whether appellant was required to file under section 2.326(c)(3). Section 2.326 defines the type of transaction between Lerma and Marrs as a "sale or return" because the goods are delivered primarily for resale. TEX.BUS. & COM.CODE ANN. § 2.326(a)(2) (Tex. UCC) (Vernon Supp.1968). Further, subsection (b) provides that goods held on sale or return are subject to the claim of the buyer's creditors while they are in the buyer's possession. Subsection (c) provides as follows:

(c) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. *The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as 'on consignment' or 'on memorandum.'* However, this subsection is not applicable if the person making delivery

(1) complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or

(2) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or

(3) complies with the filing provisions of the chapter on Secured Transactions (Chapter 9) .... [Emphasis added.]

*Id.* § 2.326(c)(1)–(3) (Vernon Supp.1985).

It is clear that Marrs was required to either comply with an applicable sign law or prove that Lerma was known by his creditors to be engaged in the selling of goods of others or comply with the filing provisions of section 9.114. A review of the record reveals that Marrs elicited no evidence or testimony that his interest in some of the vehicles on Lerma's lot was evidenced by a sign to that effect; neither did he show that Lerma was generally known by Bank to be substantially engaged in selling the goods of others; neither did he comply with the filing provisions of section 9.114.

It is important to note that subsection (b) of section 9.114 states the following:

(b) In the case of a consignment which is not a security interest and in which the requirements of the preceding subsection have not been met, a person who delivers goods to another is subordinate to a person who would have a perfected security interest in the goods if they were the property of the debtor.

TEX.BUS. & COM.CODE ANN. § 9.114(b) (Tex. UCC) (Vernon Supp.1985).[2] Since the

---

**2.** The official comment of the drafters of the 1972 draft of the Uniform Commercial Code gave the following interpretation of section 9.114's effect:

This section requires that where goods are furnished to a merchant under the arrangement known as consignment rather than in a security transaction, the consignor must, in order to protect his position as against an

transaction between Lerma and Marrs was a consignment as contemplated by section 9.114, and Marrs did not comply with section 2.326(c)(3), his claim is subordinate to that of Bank. Marrs' point of error number five is overruled.

 In point of error six, Marrs alleges the trial court erred in granting Bank's motion for summary judgment against his entire claim since genuine material issues of fact were in dispute. In support of his contention, Marrs argues that section 9.302(a) of the Texas Business and Commerce Code requires that a financial statement be filed in order to perfect all security interests, and that section 9.302(c)(2) requires that in the case of motor vehicles being held as inventory for sale by a person who is in the business of selling goods of that kind, that the filing be in accordance with the requirements of section 9.401(a)(3). This last section requires that the filing be with the Office of the Secretary of the State of Texas. Although Marrs is correct in this argument, TEX.R. CIV.P. 166–A, the rule relating to the presentation and opposition of motions for summary judgment, clearly states that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." A review of Marrs' motion in opposition to Bank's motion for summary judgment reveals that at no time did Marrs bring up this alleged noncompliance with the Texas Business and Commerce Code sections requiring filing in the Secretary of State's Office. Rule 166–A provides that this court cannot consider this allegation, and therefore, point of error number six is overruled. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979).

We have reviewed the points of error presented by Marrs and find no error in the trial court's judgment. Accordingly, the judgment of the trial court is affirmed.

---

inventory secured party of the consignee, give to that party the same notice and at the same time that he would give to that party if that party had filed first with respect to inventory and if the consignor were furnishing the goods under an inventory security agreement instead of under a consignment.

\* \* \* \* \* \*

The requirements of notice in this section conform closely to the concepts and the language of Section [9.312(c)] which should be consulted together with the relevant Comments....

U.C.C. § 9–114 official comment (1972).